**BLANC, Plaintiff-Appellee, v. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23425.   Decided October 13, 1955.

38

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

Leanza, Bernard & Hodous, Cleveland, for plaintiff-appellee.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant-appellant.

■■■■■■■■■■■■■■■■

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff on the verdict of a jury. The action as originally filed was one in tort, or negligence, between the plaintiff and the defendant, Kenneth Waldruff. Upon trial, the plaintiff was awarded a judgment in the sum of $3000.00. The judgment not having been satisfied by the defendant, Waldruff, the plaintiff filed a supplemental petition making the Farm Bureau Mutual Automobile Insurance Company a new party defendant.

The supplemental petition was founded on the provisions of §3929.05 and §3929.06 R. C., there being in full force and effect at the time of the accident (July 3, 1950) a contract of indemnity insurance between the defendant and Farm Bureau Mutual Automobile Insurance Company, said petition seeking to have the insurance money provided for in such policy applied to the satisfaction of his judgment.

The answer of the insurance company admitted the existence of the policy of insurance and alleged that the insured, the original defendant herein, had breached the conditions of the policy by failing to give written notice of the occurrence of the accident as soon as practicable after it occurred, and alleged that no notice of any kind was given until Feb. 27, 1952, or about 18 months after the date of the accident.

Upon trial of the issues joined on the supplemental petition and answer thereto. the jury returned a verdict for plaintiff. Before the case was submitted to the jury, the defendant insurance company entered a motion for a directed verdict which was overruled. The new defendant after judgment filed a motion for new trial and also filed a motion for judgment notwithstanding the verdict. The court granted the motion for new trial and overruled the motion "N. O. V." This appeal is taken claiming the following errors:

1. Overruling defendant insurance company's motion for a directed verdict.

2. In overruling defendant insurance company's motion for judgment notwithstanding the verdict.

If, on either motion, the defendant was entitled to a judgment as a matter of law, when giving the whole evidence its most favorable interpretation in support of plaintiff's case, then error prejudicial to the rights of defendant has intervened and the defendant is entitled to final judgment. In considering either motion, the court has no right to weigh the evidence. Sec. 2323.18 R. C. (as amended eff. Oct. 27, 1953) is applicable to pending cases.

The rights of the plaintiff to the benefit of defendant Waldruff's liability insurance, provided for by §§3929.05 and 3929.06 R. C., is wholly dependent upon and can rise no higher than the rights of the insured.

In the case of Luntz v. Stern, 135 Oh St 225, in paragraphs 2 and 3 of the syllabus, the court said in dealing with this question:

"2. By the provisions of §9510-4 GC, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the insured and after the lapse of thirty days after judgment is rendered, provided that any valid conditions or requirements in the contract of insurance which would be binding upon the assured are likewise binding upon such judgment creditor. (Stacey v. Fidelity & Casualty Co. of New York, supra, approved and followed) (114 Oh St 633.)

"3. The purpose of the provisions of §9510-3 and §9510-4 GC is to afford an injured person direct and prompt benefit of the provisions of the indemnity policy of the assured. He succeeds to only the rights of the assured and cannot recover in an action on the policy against the indemnity company if there has been such breach of the contract by the assured as would prevent recovery by him."

In the case of Stacey v. Insurance Company, 114 Oh St 633, the third paragraph of the syllabus provides:

"By the provisions of §9510-4 GC, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the assured and after a lapse of thirty days after judgment is rendered, provided that any valid conditions in the contract of insurance pertaining to notice of the accident, or of a claim being made on account of such accident, or of suit being brought against the insured on account of casualties coming within the terms of said policy, which would be binding upon the assured are likewise binding upon such judgment creditor."

The holding of these cases has never been departed from.

The policy of insurance here under consideration, contains the following provisions:

"When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents, as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured, and of available witnesses."

As indicated above, the accident took place on Cedar Road at its intersection with Grandview Road, just west of the place on Cedar Road where Fairmont Boulevard bears off at an angle to the right. This is a large intersection controlled by a number of traffic lights, the most

westerly of which being at the place where Grandview Avenue intersects Cedar Road from the south. The plaintiff on July 3, 1950, was driving east and had come to a stop as he reached the intersection, claiming the traffic light was red for Cedar Road traffic. While he was standing at the intersection, the defendant, who was also driving east on Cedar Road, ran into the rear of plaintiff's standing automobile, causing damages to the extent of about $80.00. It was the claim of defendant that plaintiff made a sudden stop.

The damage to the automobile was clearly observed by defendant but the evidence tends to show that the personal injuries claimed by plaintiff did not develop for at least a month after the date of the accident and never came to the attention of defendant until he was served with summons on Feb. 27, 1952.

There is no dispute in the evidence but that no notice was given to the insurance company until after Feb. 27, 1952. The defendant had refused to give the name of his insurance company when requested to do so by plaintiff's wife, in a telephone conversation shortly after the accident. At that time the defendant, Waldruff, admits saying in that conversation: "I will turn mine into my company, get my car fixed, you do the same."

It is also undisputed in the evidence that at least one of the reasons why Waldruff did not notify the Farm Bureau Mutual Automobile Insurance Company of the accident was because he had been informed by them that if he had one more accident his policy would be cancelled.

We are, therefore, met with the following question of law: Was the failure of the insured to give the insurance company prompt notice of the accident, a breach of the insurance contract, whereby it would not be, and is not required to indemnify the defendant Waldruff, against the judgment rendered against him under circumstances otherwise coming within the terms of the policy?

It is the claim of plaintiff that until the defendant Waldruff was served with summons, he was not aware that a claim was to be made against him, because of the trivial nature of the occurrence and his belief that each of the parties to the accident would take care of their own damages. In presenting this theory of the case, the plaintiff relies on the case of **Liability Assur. Corp. v. Roehm, 99 Oh St 343.**

In the Roehm case, the plaintiff was the insured and suffered injury in a basketball game. The injury consisted of a blow over the eye. Although he received immediate medical treatment, neither he nor the doctor apprehended any serious disability. Nine months later he learned for the first time that serious results would be experienced because of the blow, the final outcome of which was the loss of sight of both eyes. The terms of the policy upon which the plaintiff's claim was founded provided "against bodily injuries (suffered by the insured) during the term of the policy." It also contained the following provision:

"No claim shall be valid on account of any injuries, fatal or otherwise, unless written notice is given to the company within thirty days from the date of sustaining any injuries, fatal or otherwise (**unless such notice may be shown not to have been reasonably possible**), for which claim is to be made." (Emphasis added.)

Notice was given of the claim within thirty days after the discovery of the true character of plaintiff's injuries which until that time had been considered trivial and not of such a character as would justify a claim for compensation under the policy. The court held:

"A provision in a policy of indemnity insurance to the effect that written notice should be given the company within thirty days from the date of sustaining the injury, is of the essence of the contract, and like other contracts should be construed so as to give effect to the intention and **express language of the parties.** This rule of law is subject to the qualification, that if at the time of the accident, and within the period stipulated for the giving of notice, no reasonable ground existed warranting a belief that the injury was anything but trivial in its character, not justifying a claim for damages, and it subsequently develops that as a result of such accident serious consequences have ensued and that immediately upon being advised of this fact the insured gives written notice to the insurer, the question whether the notice was given within time is not a matter of law, but, is a question for the determination of the jury. (The last clause of the 4th proposition of the syllabus in the case of **Travelers Ins. Co. v. Myers & Co., 62 Oh St 529** is disapproved.)"

And on page 347, in setting forth the basis for the decision, the court said:

"It would seem quite clear that the entire **lack of knowledge or even apprehension** on Roehm's part that any serious results were to follow from the accidental blow, **creates a condition fairly within the terms of the policy excusing notice.** At no time within the period of ten months would it have been possible for him to give notice of a state of facts entirely unknown to and unsuspected by himself." (Emphasis added.)

The facts and the law applied by the Supreme Court in the Roehm case are clearly distinguishable from the instant case. Parties to a contract are entitled to be tried on the terms of their agreement. Here the insured agreed to give written notice of an **accident.** He was fully cognizant that he was involved in an accident. He did give notice of such fact to the insurance company that carried the risk for "collision" coverage, from which he could benefit in having his own vehicle repaired. There is not the slightest suggestion in the evidence that the plaintiff had agreed to look to his own insurance company for compensation for the damage suffered. There was no term in the policy excusing notice as was true in the Roehm case, and finally, the policy in the instant case covered liability to a third person injured or damaged by the negligence of the defendant, Waldruff, so that such insured could have no dependable knowledge of the extent of the injury sustained by another as a result of an accident caused or participated in by the assured. The purpose of notice to an insurance carrier is to permit them to investigate the facts of the accident as closely to the time it occurred as is reasonably possible, that they may know first hand what the eventualities may be. To so inform the insurer is the contract obligation of the insured and to fail to give notice when the insured had full knowledge of the facts constitutes a breach of the contract relieving the insurer of responsibility under the policy as a matter of law.

For the foregoing reasons, the court should have granted the motion

42

for a directed verdict for the insurance company defendant, and failing in that, should have granted the defendant insurance company's motion for judgment notwithstanding the verdict.

The judgment is therefore reversed and the cause is remanded to the trial court with instructions to enter judgment for the defendant, Farm Bureau Mutual Automobile Insurance Company. Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.