**SCHUMANN, Plaintiff, v. FISHER, Defendant.**

Common Pleas Court, Auglaize County.

No. 14925.   Decided June 16, 1958.

James C. Blair, Lima, for plaintiff.
A. A. Klipfel, Wapakoneta, for defendant.

(DULL, J, of Mercer County sitting by assignment.)

**OPINION**
By DULL, J. (sitting by assignment).
Defendant's motion for a new trial was submitted to the court on

the testimony of the twelve jurors in the second trial of the case and the memoranda of counsel.

Defendant's motion contains three grounds:

"1. For irregularities in the proceedings of the jury by which this defendant was prevented from having a fair trial in this, to-wit:

The entire file in this case, including verdict and judgment for plaintiff in the former trial, was permitted to be taken by the jury into the jury room for their deliberations; the foreman admitted in the presence of the Court that the verdict in the former trial had been referred to in preparing the instant verdict; all papers so taken to the jury room have been impounded by the Clerk and are intact for the Court's consideration on this Motion.

2. For misconduct of the prevailing party, the plaintiff herein, as follows:

At the time that the jury visited the scene of the accident, the plaintiff was seen to engage one of the jury in conversation when they were separate and apart from other persons at the scene. Further, between the time that the jury was empaneled, January 9th, and the time the trial began, January 13th, namely on Sunday, January 12th, the plaintiff was seen returning down the road leading from the vicinity of the residence of the juryman accosted by plaintiff aforesaid. Refer Affidavits attached. That these matters were not brought to the attention of counsel until following the trial.

3. The verdict is not sustained by sufficient evidence and is contrary to law.

And for other errors manifest from the face of the record."

Testimony, however, was presented by counsel for the defendant only on the first ground, which falls in the general category of **paragraph (A)** of §2321.17 **R. C.** (New trial defined, causes for granting new trial.) And it is the only ground here considered.

This case was tried before a jury the first time on May 1, 1953, resulting in verdict for plaintiff in the amount of $840.00, nine jurors signing the verdict. On appeal, the cause was remanded to the trial court for re-trial because of error found in the proceedings of the first trial. The case was tried before a jury the second time on January 14, 1958, resulting in a unanimous verdict for the plaintiff in the amount of $1172.05.

The first question presented is: was the testimony of the jurors admissible?

Permitting the taking by the jury of the entire file of the case, including the verdict and judgment for the plaintiff in the former trial, into the jury room before their deliberation may well be considered as an unlawful communication from a person or persons outside the jury room. Certainly it can be considered an improper and highly unfortunate communication. There is no allegation or accusation of misconduct on the part of any juror while the jury was deliberating or in reaching a verdict. "Affidavits or testimony of jurors may be received, upon motion for new trial, to prove unlawful communications made to members of the jury by court officers or others, outside the jury room

but during the period of the jury's deliberation." Syllabus of **Emmert v. State, 127 Oh St 235.** Further: "While it is a well settled principle of the law of jury trials, that affidavits of jurors are inadmissible to impeach their verdict, the principle is equally well settled that jurors' affidavits are admissible to sustain or support their verdict, when an attempt is made to impeach it by other testimony." **39 O. Jur., Page 1116, Section 388.** See also **Farrer v. State, 2 Oh St 54, State v. Adams, 141 Oh St 423, State v. Joseph, 90 Oh Ap 427.**

Finally, on this question: if the lack of evidence aliunde be the stumbling block to the admissibility of the testimony of the jurors, it was certainly supplied when the foreman of the jury came out of the jury room and took his place in the jury box carrying in his hand the entire file of the case, including the verdict and judgment for the plaintiff in the former trial. The file could be seen by everyone in the court room at the time. And seen it was, especially by the court and counsel.

Therefore it is the considered opinion of the trial court that on the motion for a new trial the testimony of the jurors was admissible.

The second and pivotal question presented is: Does the testimony of the jurors justify the sustaining of the motion for a new trial?

At the hearing on the motion for a new trial, there was no evidence presented which tended to prove or even imply that the taking by the jury of the entire file of the case, including the verdict and judgment for the plaintiff in the former trial, into the jury room before their deliberation represented misconduct on the part of anyone. Although, it may have been the fault of many, the blame cannot be directly laid at the door of any one person. The file of the case simply came into the hands of the jury inadvertently. Again: improper and unfortunate, but true.

Further, at the hearing on the motion for a new trial, eleven members of the jury including the foreman, testified that they either (1) never saw the papers of the former trial, which included the verdict and judgment for the plaintiff, during the entire time of their deliberation including the reaching of the verdict and its amount or (2) they did not see the papers of the former trial until after they had reached the verdict and its amount. Hence, the presence of the papers of the former trial in the jury room could not have influenced these eleven members in the reaching of the verdict and its amount. The twelfth juror testified that the papers of the former trial were looked at during the deliberations of the jury and prior to the reaching the verdict and its amount. However, she further testified that the presence of these papers in no way influenced her in the reaching of the verdict or its amount.

The testimony further revealed that, again through regrettable inadvertence, no forms of verdict were supplied to the jury when the members went into the jury room to begin their deliberations. Then when the verdict and its amount had been reached some of the members of the jury started going through the papers of the former trial in an effort to find the form for their verdict and its amount. After they

failed to find such a form for their verdict and its amount, they made inquiry of the court officers for verdict forms and the forms were supplied to the jury.

There is some conflict, particularly in the early Ohio law, relative to this question of whether or not a new trial should be granted when the jury had before them during their deliberations matters not in evidence.

"When a jury, of their own motion, and by their own means, without the knowledge of the court, and without the presence, knowledge, or consent of the prisoner, obtain a part of a newspaper, purporting to contain a part of the charge of the court in the case they are considering, and use said information to guide their deliberations, although the charge thus published, may happen to be accurate, the verdict ought to be set aside." Syllabus of Farrer v. State (1853), Supra. It may be noted that in this case the jury used the matter not in evidence in their deliberations, which was not the fact in the present case.

"—but if depositions or other instruments disclosing facts important for one party, which the court does not permit to be read in evidence, are taken by the jury into their room, and are before them when they deliberate upon and find their verdict, a new trial should be granted, even though it is difficult to say what degree of influence such paper may have had upon the jury—." **30 O. Jur., page 95, Section 58.** Bronson v. Metcalf (1855) 1 Disney 21, 12 Ohio Decisions Reprints 462. Again, it may be noted that in this case, too, the matter not in evidence was before the jury when they were deliberating upon and finding their verdict, which was not a fact in the present case.

There is a late Ohio Appeals case (decided March 20, 1956) which

There is a late Ohio Appeals case (decided March 20, 1956, 76 Abs 590, 103 Oh Ap 468) which is in accord with this view that a new trial should be granted when the jury had before them during their deliberations matters not in evidence. "A communication to the jury in the form of an exhibit which had been refused admission into evidence, in which communication the word 'insurance' was used and which exhibit inadvertently was before the jury, was prejudicial error." Syllabus of **Chiesa v. Thomas, 2 O. O. 2d 456.** There is no explanation or precedent given for this holding in the body of the opinion.

However: "A new trial will not be granted because a paper containing a computation of interest on certain sums claimed by the plaintiff, went to the jury with the papers in the case, when it does not appear by whom it was given to the jury, and no fraudulent intent or effort to practice on them is shown, although no leave was given to put the paper into the hands of the jury, and the court refused to admit testimony to prove the correctness of the calculation." Syllabus of Administratrix of **Tracy v. Administrator of Card (1853) 2 Oh St 431.** See also **Neff v. Cincinnati (1877), 32 Oh St 215.** Here, as in the case before the court, the matter not in evidence was inadvertently before the jury and there was no fraudulent intent shown.

Further, "A judgment will not be reversed for permitting papers not in the case to be taken by the jury in their retirement, where it

could not have prejudiced the party." Jaspers v. Mallon (1884), 9 Ohio Decisions Reprints 184. The testimony of the jurors in the case before the court showed that neither party was prejudiced by the presence before the jury of matters not in evidence.

But: "Reading of newspaper articles by jurors, prejudicial to one litigant, is cause for a new trial, but to make such ground available there must be evidence that articles came to jury's attention and court was requested to withdraw a juror and continue the cause." Syllabus of **Phillips v. Board of Education (1924), 21 Oh Ap 194.** This case it cited because in the present case the testimony of eleven of the twelve jurors revealed that the matter not in evidence before the jury was not called to their attention until after the verdict and its amount had been reached.

"It is generally ground for a new trial that the jury, in arriving at their verdict, took, or there were sent, to the jury room and considered, without the knowledge and consent of the parties or counsel, depositions which were not in evidence, or other documents or papers not in evidence and of a character that might have influenced, and probably did influence, the verdict; and this is especially true where the documents or papers were given to the jury by the successful party or his attorney or had been offered in evidence and rejected. If papers improperly considered by a jury were material or fitted to prejudice the unsuccessful party, a new trial should be granted although the successful party was not at fault; and the actual measure of influence of such papers will not be inquired into. If papers not in evidence were intentionally given to the jury by a party, the court will not inquire into the importance or materiality of such papers or whether they were read by the jury. If the papers were not furnished by a party and were not read by the jury, a new trial should be denied." 66 Corpus Juris Secundum, page 181, NEW TRIAL, Section 58, d, (1). In the present case the matter not in evidence was before the jury inadvertently and the testimony of eleven of the twelve jurors revealed that the matter was not read or considered until after the verdict and its amount had been reached.

Further: "It is a ground for new trial for any paper or writing which has not been properly admitted in evidence, and which is calculated to prejudice or influence the jury against any of the parties, to go to the jury, unless it appears that the paper was not read or considered by the jury. Generally there is no ground for new trial when the documents are not used or handled by the jurors, or where they were not read until after they had concluded their deliberations and decided upon their verdict. And according to some courts, a new trial is not required in the absence of proof that the jury read the contents of such a document which was taken improperly into the jury room through accident or inadvertence, although according to the view of other courts, there is a presumption that a paper improperly taken into a jury room was read wholly or in part by the jury. If it appears that the objectionable paper was not read by the jury, it is the same as though it had not been delivered to them." 39 American Jurisprudence, pages 98 and 99, NEW

TRIAL, Section 84. The trial court is of the opinion that it is better for this citation to speak for itself.

Therefore, it is the considered opinion of the trial court that the motion of the defendant for a new trial as based on the first ground should be overruled because:

(1) The fact that the entire file of the case including the verdict and judgment for the plaintiff in the former trial, reached the jury room before their deliberation inadvertently;

(2) The fact that the testimony of eleven of the twelve jurors showed that they never saw the papers of the former trial during the entire time of their deliberation including the reaching of the verdict and its amount or they did not see the papers until after they had reached the verdict and its amount, thus precluding the possibility of the papers of having any influence on their verdict or its amount;

(3) The fact that the testimony of the twelfth juror revealed that although the papers were looked at during the deliberation they did not influence her in the reaching of the verdict or its amount;

(4) The greater weight of authority in Ohio and other jurisdictions where the fact situations were somewhat similar to that of the present case.