DECISION AND JUDGMENT ENTRY
Appellants Jeremiah Copper and Larry Copper appeal a judgment entered by the Ross County Court of Common Pleas in favor of appellee West American Insurance Company ("West American"). They assert one assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLEE IS NOT CONTRACTUALLY OBLIGATED TO PROVIDE LIABILITY COVERAGE IN SATISFACTION OF APPELLANT'S JUDGMENT AGAINST ITS INSURED.
Finding no reversible error, we affirm the judgment of the trial court.
In June 1995, Jeremiah Copper sustained an injury while riding as a passenger on an all-terrain vehicle ("ATV") driven by Steve Willis. The ATV was owned by Steve Willis' father and was being driven without his permission. The accident occurred on property owned by Steve Willis' grandmother, Velma Willis. At the time of the accident, Steve Willis was residing with his father who owned property separate from, but adjoining Velma Willis' property.
In April 1997, Jeremiah Copper and his father, Larry Copper, filed a complaint against Steve Willis seeking compensatory damages on the ground of negligence. Steve Willis failed to answer or appear. Thereafter, appellants' counsel learned that Velma Willis was covered by a homeowner's insurance policy issued by appellee that was in effect at the time of the accident. Counsel contacted appellee in July 1998, informed it of the claim against Steve Willis and invited it to defend Mr. Willis. Appellee informed counsel that it did not owe Mr. Willis any duty to defend or to indemnify.
In September 1998, appellants moved for a default judgment against Mr. Willis. The trial court granted the default judgment in the amount of $57,555.92 in October 1998. In December 1998, appellants moved the court under R.C. 3929.06
for leave to file a supplemental complaint against appellee to recover benefits available under the homeowner's policy. The court granted appellants' motion.
Appellee admitted that it had issued a homeowner's insurance policy to Velma Willis, but denied any liability and asserted that Steve Willis was not an insured under the policy. Appellee also argued that Steve Willis had not notified the insurer in a timely manner and, therefore, was precluded from coverage, even assuming he was an insured. The parties agreed to submit the supplemental complaint to the court based on the following evidence: (1) the insurance policy issued by appellee to Velma Willis; (2) the deposition of Steve Willis; (3) the deposition of Velma Willis; and (4) the parties' briefs.
The lower court entered judgment in favor of appellee. The court found that Steve Willis did not properly notify appellee of the accident as required by the policy and, therefore, Mr. Willis breached the insurance contract. As a result, appellee is not contractually obligated to provide liability coverage to Steve Willis. The court further found that Mr. Willis is not an insured under the policy and not entitled to any liability coverage. Appellants filed a timely appeal from this judgment entry.
R.C. 3929.06 provides in pertinent part that:
 Upon the recovery of a final judgment against any firm, person, or corporation by any person, * * * if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or the successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment.
Therefore, if Steve Willis is covered by the insurance policy issued by appellee, appellants are entitled to recover the amount of the judgment from appellee. However, appellants are entitled only to the rights of the insured and cannot recover against the insurance company if there has been a breach of the contract by the insured that would prevent recovery by him.Blanc v. Farm Bureau Mut. Auto. Ins. Co. (1955), 102 Ohio App. 150,153.
The interpretation of an insurance contract is a matter of law and we review its terms de novo. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. When construing the provisions of an insurance policy, we are mindful that generally, words in a policy must be given their plain and ordinary meaning, and only in situations where the contract is ambiguous and thus susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks the benefits of coverage.Woods v. Owners Ins. Co. (Feb. 1, 2000), Ross App. No. 99CA2486, unreported. The concept of strict interpretation applies with "greater force to language that purports to limit or to qualify coverage." Watkins v. Brown (1994), 97 Ohio App.3d 160,164. "However, the rule of strict construction does not permit a court to change the obvious intent of a provision just to impose coverage." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665, certiorari denied (1992), 507 U.S. 987,113 S.Ct. 1585, 123 L.Ed.2d 152.
The trial court first determined that Steve Willis failed to comply with the "prompt notification" provision of the insurance contract.[1] The insurance contract provides that the insurance will be provided as "described in this policy in return for the premium and compliance with all applicable provisions of this policy." Section II — Exclusions, paragraph 3 states, in relevant part, that:
In case of an accident or "occurrence," the
 "insured" will perform the following duties that apply. You will help us by seeing that these duties are performed;
 a. Give written notice to us or our agent as soon as is practical, which sets forth:
(1) The identity of the policy and "insured";
 (2) Reasonably available information on the time, place and circumstances of the accident or "occurrence"; and
(3) Names and addresses of any claimants and witnesses;
 b. Promptly forward to us every notice, demand, summons or other process relating to the accident or "occurrence"
* * *
The plain meaning of these provisions is that the notice requirement is a condition precedent to coverage.
Appellants do not dispute that Steve Willis was required to give reasonable notice pursuant to this provision. Rather, appellants argue that this provision was substantially complied with through their actions and those of Velma Willis and Steve Willis' father. Appellants note that their counsel contacted appellee prior to the entry of the default judgment and rely on portions of Steve Willis' deposition to demonstrate prompt notice to appellee. During Steve Willis' deposition, he testified that he called appellee "before the last time that I went to court when they found me guilty." Appellants also submit that Steve Willis testified that he "believe[d] [his] father and [his] grandma" contacted appellee at some time after the accident occurred, but before the initial lawsuit was filed.
Insurance contracts requiring notice to the insurer "as soon as is practicable" have been held to require "notice within a reasonable time in light of all the surrounding facts and circumstances. Unreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary." Beaver Excavating v. U.S. Fid. Guar. (1998),126 Ohio App.3d 9, 15, quoting Ruby v. Midwestern Indemn. Co.
(1988), 40 Ohio St.3d 159, 161. The time period for notice does not begin to run until an insured, as a reasonable person, should recognize the nature, seriousness, and probable compensable character of his or her alleged negligence. SeeBeaver Excavating at 15.
Therefore, the reasonableness of the insured's conduct must be determined by examining the surrounding circumstances. "This requires that all relevant factors bearing on the question of reasonableness be considered, including, but not limited to, the information available to claimant, his or her experience, education and intellectual functioning, and what he or she has been told or not told about the nature, seriousness, and probable compensable character of the condition." Lewis v.Trimble (1997), 79 Ohio St.3d 231, 239. "What constitutes a reasonable time is generally a question for the jury." Patrickv. Auto-Owners Ins. Co. (1982), 5 Ohio App.3d 118, 119. Courts have held, however, that some time delays are so lengthy that notice was not within a reasonable time as a matter of law. See, e.g., Helman v. Hartford Fire Ins. Co. (1995), 105 Ohio App.3d 617,624 (holding that waiting over two years to vindicate contract rights with insurance company is unreasonable as a matter of law); Patrick,supra (holding that a claim made more than one year after an automobile's disappearance is not sufficient notice as a matter of law).
Here, both parties agreed to submit the matter to the trial court and, essentially, waived the right to have a jury decide the issue. Therefore, on appellate review, to the extent that the trial court's determination rests upon findings of fact, those findings will not be overturned unless they are against the manifest weight of the evidence. C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. An appellate court will not reverse the decision of a trial court for being against the manifest weight of the evidence if the decision of the trial court is supported by competent, credible evidence. Id. at 280. To the extent that the trial court's decision is based on a question of law, we review the trial court's judgment de novo.
In its judgment entry, the trial court found that appellee was first notified of the accident in July 1998. The court stated that it was not persuaded by Steve Willis' testimony that he believed his father or grandmother contacted appellee. As these findings of fact are supported by competent, credible evidence, we must rely upon them in determining whether appellee received timely notice.
Appellee did not receive notice until more than three years after the accident and over a year after the lawsuit against Steve Willis was filed. From his deposition testimony, it is clear that Mr. Willis was aware of Jeremiah Copper's injury and even accompanied him to the hospital. Further, neither appellants nor Mr. Willis offered an explanation for the lack of notification on Mr. Willis' part. Therefore, we agree with the trial court's finding that notice was not given "as soon as [was] practical" and Steve Willis breached the insurance contract.
We also do not agree with appellants' position that appellee suffered no prejudice from the delay in notice. Appellants argue that since appellee was notified of the accident prior to final judgment, appellee had the opportunity to protect its rights. Appellants further argue that appellee was given the opportunity to investigate the claim and negotiate a settlement or participate in Steve Willis' defense once it became aware of the lawsuit.
Liability insurers must be prejudiced to escape liability because of an insured's failure or delay in giving notice of an accident or claim. See Zurich Ins. Co. v. Valley SteelErectors, Inc. (1968), 13 Ohio App.2d 41 (holding that notice given four months after injury did not relieve insurer of liability where no prejudice was proven). "The purpose of notice to an insurance carrier is to permit it to investigate the facts of the accident as closely to the time it occurred as is reasonably possible so that it may know first hand what the eventualities may be." Blanc, supra, at 156. When an insurer does not receive timely notice, there is a presumption that it is actually prejudiced. See Beaver Excavating, supra, at 15. Having found that Steve Willis failed to comply with the notice requirements, we presume that appellee was prejudiced.
In its judgment entry, the trial court failed to address whether appellee was prejudiced by the lengthy delay in notice. However, appellants have produced no evidence to rebut the presumption that appellee suffered prejudice due to the delay in notice. Given this state of the evidence, we find that the trial court's failure to rule on this issue is harmless as we must find as a matter of law that appellee was prejudiced. SeePatrick, supra (holding that where presumption applies and no evidence is produced to show that the insurance company was not prejudiced by the unreasonable delay, no genuine issue exists as to whether the insurance company was prejudiced)
Here, appellants argue that "West American was given the opportunity to investigate Appellants' claim and either negotiate a settlement or participate in the defense of its insured" in that it knew of the claim prior to the entry of the default judgment against Mr. Willis. However, appellants have presented no affidavits, testimony or other evidence to support this argument and rebut the presumption of prejudice. The mere assertion that appellee was not prejudiced absent more is insufficient as a matter of law to rebut the applicable presumption. Appellee is put in a position where it cannot specifically ascertain what information or opportunities would have been available had notice been timely. Ormet PrimaryAluminum Corp. v. Employers Ins. Co. of Wausau (Sept. 30, 1998), Monroe App. No. 808, discretionary appeal allowed (1999), 84 Ohio St.3d 1504. Therefore, we cannot find that appellants have overcome the presumption of prejudice.
In conclusion, we find that Steve Willis' failure to give notice when he had knowledge of the accident constitutes a breach of the contract relieving the insurer of responsibility under the policy. Further, appellants have not presented any evidence to rebut the presumption of prejudice. Steve Willis is not entitled to coverage under the insurance contract issued to Velma Willis even assuming, arguendo, that he is an insured; appellants have no greater rights to recovery than the insured would receive. Having made these findings, we need not determine whether Mr. Willis meets the definition of an "insured."
We overrule appellant's sole assignment of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion. Evans, J.: Dissents
For the Court
 BY: ________________________ WILLIAM H. HARSHA, JUDGE
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences fromthe date of filing with the clerk.
[1] The trial court and the parties assumed, arguendo, that Steve Willis met the definition of an "insured" for purposes of this analysis.