Farm Bureau Mutual Automobile Ins. Co., Appellee, *v.*
Motorists Mutual Ins. Co. et al., Appellants.*

(No. 542—Decided October 22, 1957.)

*Messrs. Shipman & Shipman,* for appellee.
*Messrs. McCulloch, Felger & Fite,* for appellant Motorists
Mutual Insurance Company.

Wiseman, J. This is an appeal on questions of law from a
judgment of the Common Pleas Court of Miami County, ren-
dered in favor of the plaintiff in an action for a declaratory
judgment.

The matter was presented to the court on motions for judg-
ment on the pleadings interposed by both the plaintiff, appellee
herein, the Farm Bureau Mutual Automobile Insurance Com-
pany, and the defendant, appellant herein, Motorists Mutual In-
surance Company. The court sustained the motion of plaintiff
and rendered judgment against defendant.

*Motion to certify the record overruled, April 16, 1958.

The pertinent factual material is alleged in the answer of the defendant as follows:

"This answering defendant admits that plaintiff issued a policy of insurance to Carl L. Brumbaugh as alleged in the fourth paragraph of the petition which policy contained the provisions as therein set forth.

"This answering defendant admits that it did issue to the R. W. Norris Oldsmobile Company a garage liability policy which contained the terms and provisions as set forth in Exhibit A attached hereto and made a part hereof; and that said policy was in full force and effect on September 4, 1954.

"This answering defendant says that said Carl L. Brumbaugh agreed to and did purchase a certain 1953 Oldsmobile sedan from this defendant's assured, R. W. Norris Oldsmobile Company, on or about May 10, 1954. On June 2, 1954, possession of said automobile was given unto said Carl L. Brumbaugh who thereafter used said automobile as his own and drove same over 6,000 miles from June 2, 1954 until September 4, 1954; that during the period last aforesaid, Carl L. Brumbaugh had said automobile serviced at the garage of this company's said assured at his own expense; that on or about June 9, 1954, this company's assured requested that Carl L. Brumbaugh remove its dealer's tags from said automobile and this request was promptly complied with; that at the time of purchase aforesaid, Carl L. Brumbaugh stated that he expected some money in a short time from a business venture and would pay for the automobile when he consummated his business transaction and it was agreed that a note would be given if such transaction were not concluded within a short time; that during the months of July and August, 1954, this company's assured asked said Carl L. Brumbaugh on several occasions to sign a note for the amount due on the purchase price of said automobile; that each time this request was made, said Carl L. Brumbaugh agreed to do so, but failed to do so until September 3, 1954, at which time he did execute and deliver a note for the amount due to this company's said assured, and paid said note in full on March 15, 1955; that on September 3, 1954, Carl L. Brumbaugh was requested by this company's said assured to sign the application for the title to said automobile, but that Carl L. Brumbaugh refused to do so; that this company's said assured executed the assignment of the title to said automobile

to Carl L. Brumbaugh on September 3, 1954; that the application for a title was not signed by Carl L. Brumbaugh prior to his accident on September 4, 1954.

"This answering defendant admits that a collision occurred between said automobile driven by Carl L. Brumbaugh and an automobile driven by John L. Furlong on September 4, 1954 resulting in damage to both automobiles; that John L. Furlong and his insurer have filed suit in the Common Pleas Court of Miami County, Ohio, against Carl L. Brumbaugh seeking to recover said damages to his automobile as alleged in the petition."

The pertinent provisions of the policy of insurance issued to the R. W. Norris Oldsmobile Company, hereinafter referred to as Norris, are as follows:

"II COVERAGE B—PROPERTY DAMAGE LIABILITY—To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident and arising out of such of the hazards hereinafter defined* as are indicated by specific premium charge or charges in the declarations.

"DEFINITION OF HAZARDS

"1. PREMISES — OPERATIONS — AUTOMOBILES —The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, *and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations,* and the *occasional* use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, *and (2) any automobile owned by the named insured in connection with the above defined operations* for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person * * *." (Emphasis ours.)

In the judgment entry the trial court found:

"The court further finds that under the terms of its policy with R. W. Norris Oldsmobile Company, Motorists Mutual Insurance Company was primarily liable for the defense of the ac-

tion filed by John L. Furlong against the said Carl L. Brumbaugh. The court further finds that since said action resulted in a judgment against said Carl L. Brumbaugh, Motorists Mutual Insurance Company is liable for the payment of said judgment and costs up to the amount of the limits of its policy of insurance, and that Farm Bureau Mutual Automobile Insurance Company is liable for the payment of any excess of said judgment over and above the limits of Motorists Mutual Insurance Company policy."

The sole error assigned is the ruling of the court sustaining a motion of plaintiff company for judgment on the pleadings. Appellant company contends the motion should have been overruled as a matter of law.

Although there are other parties to the suit, the controversy is limited to the issues raised by the two insurance companies, to wit, Which of the two insurance companies was required to defend the suit against Brumbaugh, and which insurance company is obligated to pay the judgment?

It will be observed that Norris was the title owner of the automobile at the time of the collision. Norris had executed the assignment of the title, but Brumbaugh never signed an application for the certificate of title and no certificate of title was issued to him. Appellant company contends that the use of the automobile by Brumbaugh was not incidental to the business of Norris as an automobile dealer.

We have been furnished a copy of the decision of the trial court, with which we agree. We adopt it as our own. After a review of the facts, Judge Porter concludes:

"Under those circumstances the sales agency was the 'owner' of the car within the meaning of that term as it is used in an automobile public liability policy. Section 4505.04, Revised Code; *Garlick, Admr.,* v. *McFarland,* 159 Ohio St., 539, 113 N. E. (2d), 92."

The dealer's liability policy continues in force until the sale is consummated by the filing of the application for certificate of title and the issuing of such certificate of title to the purchaser. Section 4505.06, Revised Code.

With respect to the contention of the appellant company that the use of the automobile by Brumbaugh was not incidental to the business of Norris as a dealer, the trial court said:

"But with this the court cannot agree, for it is apparent from the company's own pleadings that Brumbaugh took the car into the garage for service regularly and if that was the case and Norris did not want the arrangement continued, he could have repossessed it at any one of these times. Furthermore the answer shows that Norris consented to the odd arrangement, for it is stated in the answer that he agreed that a note could be given if 'the arrangement was not concluded within a short time.'

"In fact, the court concludes that where, as in this case, a prospective buyer has possession of a car with the consent of the dealer, the dealer's standard liability policy covers the car until title passes to the purchaser. *Eggerding* v. *Bicknell*, 20 N. J., 106, 118 A. (2d), 820, cited in Section 3945, Blashfield, 'Cyclopedia of Automobile Law and Practice.' "

The trial court held, and we are in accord, that the use of the automobile by the purchaser with the dealer's permission until title had passed, in conformity with the Ohio Certificate of Title Law, would be a use incident to and in connection with the assured's operation of the business as a dealer. Such use would be one "in connection with the above-defined operation" as that phrase is used in Coverage B of the policy.

The appellant company was primarily liable, and the appellee company was entitled to judgment in its favor on the pleadings. The appellant company was required under its policy to defend the action against Brumbaugh and is, therefore, required to pay the judgment rendered against him. The appellee company was secondarily liable. *Travelers Indemnity Co.* v. *State Automobile Ins. Co.*, 67 Ohio App., 457, 37 N. E. (2d), 198.

There being no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.