**AUTO OWNERS INSURANCE COMPANY, Plaintiff, v. OLNEY et, Defendants.**

Common Pleas Court, Franklin County.

No. 197568.   Decided May 5, 1958.

Wiles, Doucher, Tressler & Koons, for plaintiff.
Theodore C. Ball, for defendants.

### OPINION

By REYNOLDS, J.

This case is before the Court on defendants' motion for a new trial.

The basis for defendants' claim, in addition to the authorities cited in the brief submitted shortly after trial, is the Court's decision in the case of **Garlick v. McFarland, 159 Oh St 539.**

Counsel argue that the case of **Workman v. Republic Mutual Insurance Co., 144 Oh St 37,** is no longer good law in Ohio, in view of the later decision of **Mielke v. Leeberson, 150 Oh St 528** and Garlick v. McFarland, supra.

In the Workman case the Court specifically held that

"Where the insured sold an automobile and delivered possession thereof to the purchaser who signed an installment note for the purchase price, executed a chattel mortgage securing the same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser and redelivered same to the vendor for filing in an adjoining county within three days permitted by law, actual ownership with complete possession and control passed to the purchaser."

It is to be noted that neither in the Garlick case nor the Mielke case did the Supreme Court even suggest that it was reversing that decision.

The facts in the latter cases are entirely different from the facts in the Workman case. There everything necessary to be done to transfer the title was done except the filing of the certificate by the vendor as required by law, just as was the situation in the instant case.

In the Garlick case absolutely nothing had been done with respect to the title, although all that was necessary for the vendor there to do was to sign over the certificate.

In the Mielke case, while nothing had been done with respect to the title, the insured had not even a semblance of title, or any ability to furnish the purchaser with the same.

If the Supreme Court had any intention of reversing the Workman case, it should have so stated so the lawyers and the lower courts would know that such was intended.

It appears to this Court that in the Garlick and Mielke cases the Court has gone to great length to hold that insurance coverage is extended after the insured has parted with possession and all right of possession. If the wording of the policy may be interpreted to such an extreme, it certainly was not so intended by the insurer.

The difficulty seems to be that the Supreme Court has failed to distinguish between the legal title and the actual possession and right of possession.

Surely in the Garlick and Mielke cases the purchaser and possessor of the automobiles involved were not acting as agents of the vendor, and it would seem strange if the vendors, who were the insured, would be personally liable for any negligence on the part of the purchasers.

From the Court's decision in these two cases, we have a situation where, without any privity of contract and without consideration, the purchaser of an automobile secures protection during the interim, between the time he purchases an automobile and takes possession thereof and the time the vendor who has parted with ownership and delivers the title to the owner of the automobile.

The fact that the Supreme Court has announced that as the law it

is still in the opinion of the Court, not good law, and should be followed only when the factual situation is identical.

This Court is firmly of the opinion that the law, as stated in the Workman case is good and sound law and is a reasonable and sensible pronouncement, under the facts of that case.

The Court again emphasizes the fact that the evidence proved that the actual use of the automobile at the time of the accident was not only not with the permission of the insured, but expressly against that permission.

The purchaser was instructed not to drive the automobile out of Lucas County as long as he had the vendor's license tags thereon and, contrary to that instruction, he proceeded to drive to Columbus and had the accident while part way there and many miles away from Lucas County.

The motion for a new trial is overruled.