This is an appeal on questions of law from a declaratory judgment entered in the Common Pleas Court in an action between two insurance companies. In the judgment appealed from, the court determined that defendant, Motorists Mutual Insurance Company, appellant herein, is liable and that plaintiff, Nationwide Mutual Insurance Company, appellee herein, is not liable for such damages as may be recovered in an action pending against one Lova Mae Fellers.
The essential facts have been stipulated. Although Lova Mae Fellers was joined as a party defendant, she has not joined in the stipulations. However, the conclusions which we have reached will in no wise prejudice any of her rights.
On the 24th day of August 1959, there were in full force and effect a garage liability insurance policy issued by Nationwide to William J. McGraw, doing business as McGraw Chevrolet Company, and also a policy of liability and property damage insurance issued by Motorists Mutual to Robert Fellers on a 1953 Chevrolet automobile.
On the 19th day of August 1959, McGraw was the owner of a 1957 Mercury sedan to which he held the certificate of title. On that date, McGraw and Fellers agreed to trade automobiles. Fellers, as full consideration on his part, signed the assignment of certificate of title to the 1953 Chevrolet to McGraw and paid *Page 24 
the sum of $1,250. The same day, Fellers signed the application for a certificate of title for the Mercury and took possession of it. The license plates from the Chevrolet were changed to the Mercury.
On the same day, August 19, 1959, McGraw signed the assignment of certificate of title to the Mercury to Fellers and the certificates of title were notarized. The certificates of title were left with McGraw to be filed with the clerk of courts of the proper county (Miami).
At about 10 o'clock a. m. on August 24, 1959, Lova Mae Fellers, wife of Robert Fellers, while driving the Mercury, was involved in an accident. She was not on any mission for McGraw, and neither she nor her husband, Robert Fellers, were agents, servants or employees of McGraw.
Lova Mae Fellers filed a lawsuit against one Marcella Four-man who, in turn, filed an answer and cross-petition against Lova Mae Fellers, claiming damages of $75,000.
After McGraw learned of the accident he had the application for title to the Mercury taken to the clerk of courts in the afternoon of August 24, whereupon the clerk issued a certificate of title for the Mercury to Robert Fellers.
On the 25th day of August 1959, Robert Fellers reported the accident to Motorists Mutual, which made an investigation of the accident. Motorists Mutual determined, on October 7, 1959, that the certificate of title to the Mercury had not been issued until the afternoon of August 24. On October 7, it notified Nationwide of the facts surrounding the accident. This was the first notice of the accident which Nationwide had received.
The cause has been briefed and argued before this court largely upon the question of whether, at the time of the accident, McGraw was the owner of the Mercury so as to make his policy with Nationwide applicable. Nationwide argues that actual ownership and possession had passed to Fellers and that only the formality of issuing the certificate of title to Fellers remained to be done. Motorists Mutual, on the other hand, contends that until the certificate of title is issued, McGraw and not Fellers is the owner.
Both the trial judge and Nationwide rely heavily upon the cases of Workman v. Republic Mutual Ins. Co., 144 Ohio St. 37, and Auto Owners Inc. Co. v. Olney, 84 Ohio Law Abs., 242, *Page 25 
and attempt to distinguish other cases upon their particular facts.
The fourth paragraph of the syllabus in the Workman case
reads:
"A provision in the `garage liability' endorsement affixed to an automobile liability policy, that `the policy shall cover the operation of any automobile or trailer owned by or in charge of the named insured for purposes necessary to the conduct of the named insured's business classified as automobile sales agency or garage * * *,' does not insure against liability for injuries resulting from an accident which occurred after such automobile, with complete possession and control, has been delivered to the purchaser thereof, although a certificate of title thereto had not been issued to the purchaser at the time of such accident."
In the Olney case, the Common Pleas Court relied upon and followed the Workman case, and observed that the contrary view, now contended for by Motorists Mutual, was not intended by the insurer.
In our present case the trial judge, having also chosen to follow the Workman case, expressed the view that subsequent decisions of the Supreme Court had given rise to some confusion. We sympathize with this view, but are bound to follow the later decisions of the Supreme Court which, in our opinion, observe the following requirements of Section 4505.04, Revised Code:
"No person acquiring a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title, or manufacturer's or importer's certificate for said motor vehicle, for a valuable consideration.
"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
"(A) By a certificate of title or a manufacturer's or importer's *Page 26 
certificate issued in accordance with Sections 4505.01 to4505.19, inclusive, of the Revised Code.
"(B) By admission in the pleadings or stipulation of the parties."
The Supreme Court, in its decisions subsequent to the Workmancase, has clearly accepted and applied these statutory provisions. In Mielke v. Leeberson, 150 Ohio St. 528, the syllabus reads:
"Under the plain and unambiguous language of Section 6290-4, General Code [Section 4505.04, Revised Code], a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle, without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the certificate of title law, and any other evidence of ownership is not of sufficient weight to sustain a verdict or judgment where title must be proved as a condition precedent for the validity of such verdict or judgment."
In The Kelley Kar Co. v. Finkler, 155 Ohio St. 541, paragraph three of the syllabus reads:
"Under the provisions of Section 6290-4, General Code [Section 4505.04, Revised Code], an Ohio court cannnot recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of or mortgaged or encumbered in Ohio after the effective date of that section of the Code unless such right, title, claim or interest is evidenced by a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the provisions of the Certificate of Title Act."
In Garlick, Admr., v. McFarland, a Minor, 159 Ohio St. 539, paragraph three of the syllabus reads:
"Where an automobile is sold by the owner, with full payment of the agreed price and delivery of possession to the purchaser thereof but the assignment and delivery of the certificate of title are deferred, a change in the ownership of the automobile is not consummated in accordance with the provisions of the Ohio Certificate of Title Act and coverage of such automobile by an insurance policy issued to the owner thereof continues in force until the consummation of the sale by assignment and delivery of the certificate of title."
Likewise, in connection with the settlement of an estate of a decedent it has been held that the certificate of title to a motor *Page 27 
vehicle determines ownership and that the statutory provisions relating thereto prevent a resulting trust. In re Estate ofCase, 161 Ohio St. 288.
In Brewer v. DeCant, 167 Ohio St. 411, where neither the automobile dealer which agreed to sell nor the person who agreed to buy a repossessed automobile had acquired certificate of title, the syllabus reads as follows:
"1. A provision in a standard garage liability insurance policy, issued to an automobile dealer, defining as one of the hazards covered the `use of any automobile in connection with the * * * operations' of an automobile dealer extends to an automobile repossessed by a finance company and placed in the custody of such dealer for resale, even though the certificate of title thereto remains in the name of the person from whom the automobile was repossessed.
"2. Under the Ohio Certificate of Title Act, a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser.
"3. Where a purchaser contracts to buy an automobile and takes possession thereof from an automobile dealer and uses the automobile, such use is a use with the permission of the dealer until such time as a certificate of title thereto is issued to the purchaser."
While it may be true, as pointed out by counsel for Nationwide, that the Supreme Court has never specifically overruled the Workman case, it has cast grave doubt upon its authority, not merely by virtue of these later decisions, but also in language employed by the court. In Brewer v. DeCant,167 Ohio St. 411, Judge Bell, speaking for the entire court, said, at page 414:
"Since the decisions in the Munday [Automobile Finance Co. v.Munday, 137 Ohio St. 504] and Workman cases, this court has decided Mielke v. Leeberson, 150 Ohio St. 528,83 N.E.2d 209, 7 A. L. R. (2d), 1342, and Garlick, Admr., v. McFarland, aMinor, 159 Ohio St. 539, 113 N.E.2d 92. The latter case, in the words of the Court of Appeals herein, has cast some doubt upon the import of the decision in the Workman case. And Judge Taft, in his concurring opinion in the Garlick case, recognized that the holding in that case cannot be reconciled with theWorkman and Munday cases." *Page 28 
On page 415 of the same opinion, Judge Bell makes this unequivocal statement:
"The line between ownership and nonownership of an automobile must be finely drawn. This court in its most recent decisions, in interpreting Section 4505.04, Revised Code, has drawn that line at the issuance of a certificate of title. Until such time as a certificate of title is issued to a purchaser, no title to the automobile passes to him."
It is to be noted that the opinion in Brewer v. DeCant
emphasizes the permissive nature of the use in connection with the insured's garage business, which is provided as part of the coverage of the policy. In our present case, where the insured garage owner held the certificate of title, the use was also permissive, and such permissive use was covered in Nationwide's policy.
This court has heretofore decided the question in a case where the provisions of the policy were strikingly similar to those in Nationwide's policy in the case before us. While some of the details differ slightly, the substantial issue is the same.Farm Bureau Mutual Automobile Ins. Co. v. Motorists Mutual Ins.Co., 110 Ohio App. 12.
Nationwide claims that any liability it might have had was extinguished by the failure to furnish to it "written notice * * * as soon as practicable." In the case of Keith v. Lutzweit,106 Ohio App. 123, this court decided that even a requirement of "immediate notice" was complied with by reasonable notice in the circumstances, and that in order to avail itself of a defense of failure of proper notice the insurer should show that there was undue delay in all the circumstances of the case operating to its prejudice. There is no such showing here; we cannot presume that the delay of 44 days in this case and in these circumstances prejudiced Nationwide in preparing its defense. It is to be observed that Motorists Mutual did make an investigation and that both it and Nationwide will be similarly interested in defending the action.
The judgment is reversed, insofar as it held Nationwide not liable, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.
Judgment reversed in part.
KERNS and SHERER, JJ., concur. *Page 29