PATRICK, APPELLANT, *v.* AUTO-OWNERS INSURANCE COMPANY, APPELLEE.

(No. 483—Decided August 18, 1982.)

*Messrs. Lawson & Sharts* and *Mr. Eddie Lawson, Jr.,* for appellant.

*Young & Alexander Co., L.P.A., Mr. Neil F. Freund* and *Mr. Stephen V. Freeze,* for appellee.

JONES, J. Plaintiff-appellant filed his complaint in the Warren County Court of Common Pleas on November 14, 1979, alleging that an automobile owned by him was stolen through theft or fraud and that defendant-appellee, Auto-Owners Insurance Company, was obligated to pay him the value of said automobile under a policy of insurance previously issued. Both appellant and appellee filed separate motions for summary judgment. The court granted the motion for summary judgment filed by appellee and denied the summary judgment sought by the appellant. Appellant subsequently filed a timely notice of appeal, citing a single assignment of error as follows:

"The trial court erred to the prejudice of plaintiff-appellant in awarding summary judgment to defendant-appellee when there were genuine issues as to material fact and when plaintiff-appellant, considering the facts before this Court, was entitled to summary judgment on his complaint."

Excerpts of the appellant's deposition, attached to the motion for summary judgment filed by the appellee, Auto-Owners Insurance Company, revealed that appellant Chester Patrick was married to Hedy Patrick in January 1976. In February 1978, they purchased a 1978 Oldsmobile which was titled in their *joint names.* Auto-Owners Insurance Company thereupon issued a standard insurance

policy, insuring said vehicle against theft and other losses. Both Chester Patrick and Hedy Patrick were named insureds on such policy. Actually the policy was issued January 24, 1978, for a term extending through July 24, 1978, and the 1978 Oldsmobile was added by endorsement in March 1978.

Thereafter the Patricks had marital difficulties, and Hedy left for parts unknown, taking the automobile with her. Appellant last saw the automobile and his wife on May 19, 1978. At some time subsequent to May 19, 1978, appellant sued Hedy for divorce, obtaining service by publication, and a divorce decree was granted August 9, 1978. Hedy did not appear at the divorce hearing, nor was she represented by counsel. In June 1979, appellant made claim against Auto-Owners Insurance Company, and when the claim was denied, filed suit on November 14, 1979.

Appellant alleges that the theft occurred August 9, 1978, at which time the divorce was granted and the automobile awarded to appellant. Such argument is ingenious, but dubious. In any case, this court need not rule on the validity of that position since we uphold the decision of the trial court on other grounds.

The insurance policy at issue herein requires that the insurance company be given immediate notice of any theft. The pertinent provision of the insurance policy provides as follows:

"Upon the occurrence of an accident or loss covered by this policy, except under coverage D, the *insured shall give immediate notice to the Company,* or to its authorized agent. Failure to give such notice shall not invalidate the policy if it is shown that the insured could not reasonably give such notice." (Emphasis added.)

In the case *sub judice,* appellant did not give such notice or make claim for the "theft" until June 1979, more than one year after the automobile disappeared and ten months after the divorce.

A requirement of "immediate notice" in a contract for insurance means notice within a reasonable time under the circumstances of the case. *Zurich Ins. Co.* v. *Valley Steel Erectors, Inc.* (1968), 13 Ohio App. 2d 41 [42 O.O.2d 109]. Such a requirement is of the essence of the contract of insurance. What constitutes a reasonable time is generally a question for the jury. Nevertheless, in this case we hold that the time delay was such that notice was not within a reasonable time, as a matter of law.

An unreasonable delay in giving notice to an insurance company of a claim is presumed to prejudice the company in the absence of any evidence to the contrary. *Id.* In the case at bar there is no evidence to show that the company was not prejudiced by the unreasonable delay. Therefore, the assignment of error is overruled.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.