**AMERICAN EMPLOYERS INSURANCE CO., Plaintiff,**

v.

**METRO REGIONAL TRANSIT AUTHORITY, Defendant.**

No. 92–CV–99.

United States District Court, N.D. Ohio, E.D.

Aug. 31, 1992.

Kevin J. Breen, Thompson, Hine & Flory, Akron, Ohio, Christopher M. Bechhold, Jack F. Fuchs, Thompson, Hine & Flory, Cincinnati, Ohio, for plaintiff.

Ronald B. Lee, Roetzel & Andress, Canton, Ohio, for defendant.

## ORDER

SAM H. BELL, District Judge.

Currently pending before the court in the above-captioned cause are cross motions for summary judgment filed by plaintiff American Employers Insurance Co. (hereinafter American Employers) and defendant Metro Regional Transit Authority (hereinafter Metro) pursuant to Fed.R.Civ.P. 56. The within action was instituted with the filing of a complaint in this court on January 15, 1992 by American Employers, which seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has no duty to defend or indemnify Metro with respect to a state court tort suit in which Metro is a named defendant. Metro is no longer a party to the state suit, having been dismissed by virtue of a decision of the state court granting summary judgment in its favor. *See Poole v. Wright,* case no. 89–12–3882 (Summit Cty. C.P. April 14, 1992). Metro has nonetheless submitted a claim to American Employers seeking reimbursement for costs and fees incurred in defending the tort suit and, as well, its fees presenting the within matter. In its complaint, American Employers contends that it has no obligation under the subject insurance policy to provide such costs and fees; Metro has counterclaimed that such an obligation does in fact exist. Each party re-quests judgment as a matter of law under Rule 56 as to both American Employers' declaratory judgment claim and Metro's counterclaim.

## I. BACKGROUND

The procedural history of this cause has already been summarized by this court. *See* this court's April 15, 1992 Order denying Metro's motion to dismiss at 1–3. This summary need not be repeated here and the parties are thus respectfully referred to the court's prior order.

The parties to this cause have expended an enormous amount of effort in terms of time, cost, and legal fees in presenting the issue of whether American Employers owes Metro some $14,000 in defense costs. In support of their respective motions for summary judgment, American Employers and Metro have favored the court with a large cardboard box containing a four foot stack of documents weighing approximately 15 pounds. This multitudinous record is accompanied by some 150 pages of written memoranda replete with a plethora of string citations and redundancies.

A distillation of the voluminous record reveals the following undisputed relevant facts. On November 30, 1989, the vehicle accident which forms the basis of the state tort suit occurred. The decedent's estate filed the tort suit, a wrongful death action, on December 14, 1989. Metro was first named as a party defendant when the decedent's estate filed an amended complaint on July 19, 1991. At this time, Metro's insured, American Employers, had not yet been notified of the accident which occurred on November 30, 1989.

Following the filing of the amended complaint naming Metro as a party defendant, Metro did not immediately send notice to American Employers of the decedent's claim against it, nor did it send copies of the amended complaint and accompanying process to American Employers. Metro did not, in fact, send such notice to American Employers until November 13, 1991. Both parties are in agreement that November 13, 1991 is the date upon which American

Employers was first given notice of the November 30, 1989 accident and of the filing of the amended complaint. The parties are also in agreement that American Employers was not sent copies of the amended complaint, summons, and process until that time.

■■■ The applicable insurance policy imposes certain timeliness requirements upon Metro. Specifically, the policy provides that the insured must send timely notice of the underlying "occurrence" giving rise to a claim and the claim itself. It also mandates that copies of legal documents comprising the claim must be sent immediately, and that the insured may not incur any expense in connection with a claim without American Employers' consent. The relevant provisions provide:

2. Duties In the Event of Occurrence, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a claim. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses.

b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit."

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit;"

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

See Exhibit M to Deposition of Kent B. Weston at 6. In its memorandum in opposition to American Employers' motion for summary judgment, Metro concedes that it did not comply with the foregoing timeliness provisions in the policy. Id. at 1. Thus, whether Metro adequately complied with the timeliness requirements of the policy in sending reasonable notice of the requisite events to American Employers is no longer at issue in this case.[1]

The majority of the briefing by the parties, rather, addresses the issue of whether American Employers suffered prejudice as a result of Metro's failure to send timely notice of the relevant events. The parties, initially, disagree as to where the burden of proof appropriately lies in demonstrating prejudice or the lack thereof; both parties essentially rely upon the same authority in reaching opposite conclusions in this regard. The court will address the burden of proof issue in a later portion of this opinion, as well as how this issue relates to the procedural burdens applied pursuant to the standards commonly utilized under Rule 56. For the present, the court will concentrate upon the relevant portions of the rec-

---

1. A provision mandating that the insured send notice "promptly," "immediately," or "as soon as practicable" is a requirement that the notice be sent within a reasonable time under the circumstances. Ruby v. Midwestern Indemnity Company, 40 Ohio St.3d 159, 161, 532 N.E.2d 730, 731 (1988) ("prompt"); West American Insurance Company v. Hardin, 59 Ohio App.3d 71, 73, 571 N.E.2d 449, 451 (Montgomery Cty. 1989) ("immediate"); Nationwide Mutual Insurance Company v. Motorists Mutual Insurance Company, 116 Ohio App. 22, 186 N.E.2d 208 (Darke Cty. 1961) (syllabus) ("as soon as practicable"). Metro's admission that it did not comply with these provisions is, in the court's mind, a tacit concession that the subject delays were "unreasonable." In addition, the two year delay in sending notice of the underlying occurrence in this case is unreasonable as a matter of law. Patrick v. Auto–Owners Insurance Company, 5 Ohio App.3d 118, 119, 449 N.E.2d 790, 791 (Warren Cty. 1982) (delay of more than one year unreasonable as a matter of law).

ord cited by the parties which portions pertain to the issue of prejudice.

Interestingly, both American Employers and Metro rely in the main upon the same testimony elicited during discovery. The seminal testimony in this regard belongs to one Dennis W. Tackett, claims supervisor for American Employers. Each party cites to the following portion of Tackett's testimony in support of their respective positions (see Tackett Deposition at 46–48; 52–56).

American Employers contends that such testimony indisputably establishes prejudice resulting from the lateness of the notice. On the other hand, Metro contends that the same testimony establishes the opposite as a matter of law.

Both parties also rely upon the affidavit testimony of one Stephen F. Dobscha, claims representative for Progressive Insurance Company.[2] Dobscha sets forth in detail the manner in which Metro's counsel conducted its defense in the tort suit, indicating that counsel has performed competently and that he (Dobscha) "is satisfied with both the investigation of the claim performed by Metro and the defense of the claim to date by" Metro's counsel. Dobscha Affidavit at ¶ 15 (Exhibit C to Metro's Motion for Summary Judgment). Dobscha also testifies as to the adequacy of notice sent to Progressive and the satisfactory manner in which Metro cooperated with Progressive. *Id.* at ¶¶ 6–8. According to Metro, Dobscha's testimony regarding the adequacy of the defense ultimately provided for Metro buttresses Tackett's statements that there is nothing more or different American Employers could have done in providing a defense, thereby refuting any claim of prejudice resulting from untimely notice. In this regard, Metro also notes that the defense provided ultimately resulted in dismissal of Metro from the tort suit by way of summary judgment. On the other hand, American Employers maintains that prejudice is shown merely by the fact that Progressive was permitted an opportunity to defend and investigate while it was not.

Both American Employers and Metro, finally, rely upon the deposition testimony of one Kent B. Weston, director of claims and safety for Metro. Those portions of the Weston testimony relied upon by Metro relate to the thoroughness of investigation undertaken by Metro. Weston Deposition at 33–34. American Employers, on the other hand, points to the testimony of Weston. which evinces that, while Progressive was. given timely notice and thereby permitted to participate in the state proceeding, American Employers was not.[3]

## II. ANALYSIS

The relevant rule of law which serves as an initial guide in the court's analysis has been stated as follows:

> If an insured fails to give timely notice of a possible claim as required by the insurance policy, the insured is relieved of its obligations under the policy only if the delay prejudices the insurer.

*West American Insurance Company v. Hardin,* 59 Ohio App.3d 71, 571 N.E.2d 449 (Montgomery Cty. 1989) (first syllabus), *jurisdictional motion overruled* 42 Ohio St.3d 714, 538 N.E.2d 1065 (1989).[4] The issue of whether American Employers has suffered prejudice as a result of Metro's

---

**2.** Metro was insured by Progressive Insurance Company as well as American Employers at the relevant time. Metro complied with the timeliness provisions contained in its policy with Progressive Insurance Company, which policy is not at issue in this case. Dobscha was assigned by Progressive to handle the claim submitted by Metro. Dobscha Affidavit at ¶ 3.

**3.** Despite the fact that American Employers saw fit to submit 90 pages of written memoranda, it managed to exclude four pages from its response memorandum going to the salient issue of prejudice. The subsection of its brief to which this issue pertains is entitled in part "The Dobscha Affidavit and Other Record Evidence" demonstrating prejudice. "Other Record Evidence" refers to the testimony of Weston and unknown portions of the record; the missing pages discuss Weston's testimony in part and, presumably, unrevealed "other evidence." The omission, of course, makes it impossible for the court to examine American Employers' position with reference to what is contained in the missing pages.

**4.** The parties are in agreement that Ohio law controls in this case.

failure to send timely notices under the policy is thus case dispositive.[5] As one can readily ascertain from the discussion thus far, the parties are in disagreement as to the specific nature of the prejudice or lack thereof which must be shown: according to American Employers, the inability to participate in the investigation of the occurrence and defense of the claim, which inability resulted from Metro's failure to send timely notice, is in and of itself prejudicial; Metro, on the other hand, argues that any prejudice which might be said to exonerate American Employers from its obligations under the policy must have resulted from the inability to participate in the investigation and defense. Before delineating the concept of prejudice, however, it is necessary to address the standard applicable to motions for summary judgment as well as the appropriate burdens of proof which pertain to insurance disputes of this type. To these tasks the court now turns.

### A. Summary Judgment Standards

In reviewing a motion for summary judgment, a court must consider the pleadings, related documents, evidence, and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979). Rule 56 provides, in relevant part, as follows:

(c) ...

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

. . . . .

(e) ...

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Three Supreme Court cases have provided guidance as to the nature of the respective burdens allocated under Rule 56. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The ultimate burden lies with the non-moving party to show the existence of a genuine issue of material fact. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' Fed.Rule Civ.Proc. 56(e)." *Matsushita,* 475 U.S. at 586–587, 106 S.Ct. at 1355–1356 (emphasis supplied). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The court in *Anderson* held that "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as

---

**5.** American Employers does not contend that the claim submitted by Metro is not covered under the policy. Rather, the present posture of this cause as submitted by the parties only places the conditions precedent regarding timeliness of notice at issue. The court must, therefore, assume that Metro has stated a claim for coverage arguably or potentially within the policy language and that, if the timeliness arguments fail, American Employers must be deemed to have breached its duty to defend. *See City of Willoughby Hills v. Cincinnati Insurance Company,* 9 Ohio St.3d 177, 459 N.E.2d 555 (1984).

the plaintiff had had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514.

On the other hand, the moving party's burden under Rule 56 is lighter.

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c) ... suggests the absence of such a requirement.

*Celotex, supra*, at 323, 106 S.Ct. at 2552 (emphasis supplied). The moving party, in other words, need only "point out" to the court that no triable factual issues persist. *Phelps v. Dunn*, 965 F.2d 93, 97, (6th Cir. 1992).

The Sixth Circuit Court of Appeals, in *Street v. J.C. Bradford and Co.*, 886 F.2d 1472 (6th Cir.1989) reviewed court decisions and commentary regarding the impact of *Anderson, Celotex,* and *Matsushita* on summary judgment practice. The court concluded that a "new era" in summary judgment practice has opened in the court system as a result of these opinions.

> Scholars and courts are in agreement that a "new era" in summary judgments dawned by virtue of the Court's opinions in these cases ... On the whole, these decisions reflect a salutary return to the original purpose of summary judgments. Over the years, decisions requiring denial of summary judgment if there was even a suggestion of an issue of fact and tended to emasculate summary judgment as an effective procedural device.

*Street, supra*, at 1476.

The court enunciated the following "new era" principles, among others: as on federal directed verdict motions, the "scintilla" rule applies, *i.e.*, the respondent must adduce more than a scintilla of evidence to overcome the motion; the respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment"; the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact. *Id.* at 1479–1480 (footnotes and citations omitted).

■ Due to the procedural posture of this case, it is necessary to discuss in more detail the respective burdens held by the parties with respect to Rule 56. Ordinarily, as we have pointed out, the nonmoving party bears the ultimate burden of establishing the existence of a genuine issue of material fact. However, this rule only applies with respect to issues upon which the nonmoving party bears the burden of proof at trial. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence *of an element to that party's case, and on which that party will bear the burden of proof at trial.*" *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. (emphasis added). Where, however, the moving party bears the burden of proof on the issue raised in the motion, that party carries a heavier burden than Rule 56(c) ordinarily requires. The Sixth Circuit has succinctly drawn this distinction in the following manner:

> Rule 56(c) requires the moving party to show not only the absence of a disputed issue of fact but also that he is entitled to judgment as a matter of law. In assessing the sufficiency of the evidence to sustain a particular inference, therefore, the court must also consider the burden of proof on the issue and where it will rest at trial. When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. *But where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense—*his showing must be sufficient*

*for the court to hold that no reasonable trier of fact could find other than for the moving party.*

*Calderone v. United States,* 799 F.2d 254, 258–59 (6th Cir.1986), quoting from W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984) (emphasis supplied).

■■ The foregoing discussion should make it patently clear that a ruling on the motions for summary judgment in this case is impossible without first determining where the burden of proof lies on the substantive issue presented. This determination, in other words, is necessary for a proper delineation of the procedural burdens imposed under Rule 56.[6]

### B. The Burden of Proof

■ As previously mentioned, the parties hold opposing views as to who bears the ultimate burden of proof on the substantive issue of prejudice. Both American Employers and Metro rely upon the following passage for their respective views:

Unreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary.

*Ruby v. Midwestern Indemnity Company,* 40 Ohio St.3d 159, 161, 532 N.E.2d 730, 731 (1988), citing *Patrick v. Auto–Owners Insurance Company,* 5 Ohio App.3d 118, 119, 449 N.E.2d 790, 791 (Warren Cty. 1982). According to American Employers, the undisputed fact that Metro gave untimely notice under the relevant portions of the policy entitles it to the presumption of

prejudice from the delay and, under *Ruby,* places the burden of proof upon Metro to show that no prejudice resulted. Metro, on the other hand, urges the court not to read *Ruby* as speaking in terms of burden of proof, but only as creating a rebuttable presumption which does not relieve the insurer of its ultimate responsibility of demonstrating prejudice in such situations.

The *Ruby* passage, on its face, does not offer any direct insight as to where the burden of proof regarding prejudice ultimately rests. In reviewing the case law of Ohio, the court has discovered authority which supports both positions asserted. One appellate court, relying upon a California case, has held as follows:

The requirement, under the terms of a policy of insurance, of notice of a claim to the insurer is of the essence of the contract of insurance, and, where, by the terms of such insurance policy, notice is to be given "as soon as practicable after the accident" and in fact notice is given some four months after the accident, in order to uphold coverage the burden is upon the one claiming coverage to show that the insurance company was not prejudiced by the delay in notice of the accident. And whether there was such prejudice is a question of fact.

*Zurich Insurance Co. v. Valley Steel Erectors, Inc.,* 13 Ohio App.2d 41, 233 N.E.2d 597 (Trumbull Cty. 1968) (syllabus). More recently, another court has taken the opposite view:

The traditional view treats proper notice as a condition precedent to coverage. An

---

**6.** The discussion thus far should also make it clear that the court is not required to grant one of the cross motions merely because both sides have moved. A nonmovant's failure to meet its burden of establishing the existence of a genuine issue of material fact does not automatically entitle the opposing party, who must also satisfy the same burden, to summary judgment:

The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record.

. . . . .

The fact that both parties have moved for summary judgment does not mean that the

court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts (citations omitted). Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.

*Taft Broadcasting Company v. United States,* 929 F.2d 240, 248 (6th Cir.1991), quoting *John v. State of La.,* 757 F.2d 698, 705 (5th Cir.1985) and *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1391 (Fed.Cir.1987).

insured's unexcused delay in satisfying the notice requirement relieves the insurer of its duties to defend or indemnify, regardless of whether the delay prejudiced the insurer. The rule that is emerging in a majority of jurisdictions is that late notice relieves the insurer of its obligation under the policy only if the insurer demonstrates prejudice as a result of the delay. The latter view is that taken by this court. See *Nationwide Mut. Ins. Co. v. Motorist Mut.Ins.Co.* (1961), 116 Ohio App. 22, 21 O.O.2d 225, 186 N.E.2d 208, *Keith v. Lutzweit,* (1957), 106 Ohio App. 123, 6 O.O.2d 396, 153 N.E.2d 695.

*West American Insurance Company v. Hardin, supra* 59 Ohio App.3d at 73, 571 N.E.2d at 451.

■ Metro attempts to lend support to the *Hardin* holding with reliance upon Ohio Evid.R. 301, which provides:

In all civil actions and proceedings not otherwise provided for by statute enacted by the General Assembly or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

*Id.* According to Metro, Rule 301 prescribes that the presumption conferred by the Court in *Ruby* only imposes upon it the burden going forward to meet the presumption, or a "burden of production," rather than the ultimate burden of persuasion on the issue of prejudice. Metro urges the court to read Rule 301 as imposing upon American Employers the latter burden.

This court must take issue with Metro's understanding of Evidence Rule 301. On its face, the rule only states that a presumption which operates in favor of a party who bears the ultimate burden of proof on an issue does not have the effect of shifting that burden to the opposing party. The rule is silent with regard to the situation in which the party against whom the presumption operates bears the ultimate burden of proof on the underlying substantive issue. In arguing that Rule 301 prohibits the court from shifting the burden of proof in this case, Metro entirely misses, or perhaps simply presumes, the initial and essential step in the analysis: the determination of where lies the ultimate burden of proof as to the underlying issue. Rule 301, quite simply, does not answer this question.[7]

As previously noted, the Ohio Supreme Court has not directly spoken in this area and there exist two conflicting appellate decisions. In this situation, "our task is to discern, from all available sources, how the [Ohio Supreme Court] would respond if confronted with the issue." *Miles v. Kohli & Kaliher Associates, Ltd.,* 917 F.2d 235,

---

7. One court has succinctly illustrated this point as follows:

> [W]e take up one issue ... that frequently will arise when a court must decide whether an insured's breach of policy provisions ... has prejudiced the insurer. That issue is where the burden of proof lies and how the presumption of prejudice ... affects that burden. The courts seem fairly uniform in agreeing that when an insured breaches one of these policy provisions, a presumption of prejudice to the insurer arises.... At the same time, while there may be near-unanimity that prejudice is presumed, there is no consensus as to where the ultimate burden of persuasion lies....
> Under the Rules of evidence,
> a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.
> S.C.R.A.1986, 11–301....
> That presumption will permit the fact finder to infer that [the insurer is] in fact prejudiced, but the burden of persuasion of that fact will remain on the party on whom it is originally cast. On whom should the burden of persuasion to show prejudice or its absence be cast?
> ...
>
> *Roberts Oil Company, Inc. v. Transamerica Insurance Company,* 833 P.2d 222, 232–233, (N.M.S.Ct.1992) (citations omitted).

241 (6th Cir.1990).[8]

The court believes that the Ohio Supreme Court would decide the issue presented as did the court in *Hardin*. First, it must be pointed out that *Hardin*, in actuality, represents the majority view among the lower courts in Ohio. In *Zurich Ins. Co.*, the court relied upon a California appellate opinion in support of its position. In *Hardin*, however, two other decisions were cited: *Nationwide Mutual Insurance Co. v. Motorists Mutual Insurance Co.*, 116 Ohio App. 22, 186 N.E.2d 208 (Darke Cty. 1961) and *Keith v. Lutzweit*, 106 Ohio App. 123, 153 N.E.2d 695 (Montgomery Cty. 1957). While the *Keith* decision appears on its face to be silent on the issue, the court in *Nationwide Mutual* held that "in order to avail itself of a defense of failure of proper notice the insurer should show that there was undue delay in all the circumstances of the case operating to its prejudice." *Id.*, 116 Ohio App. at 28, 186 N.E.2d at 212. The court also specifically cited *Keith* in support of this proposition. *Id.* There are thus at least two Ohio appellate courts which represent the view espoused by Metro in this case, while only one supports American Employers' position.[9] Due to the closeness of the question presented, we deem this difference significant as to the determination of how the Supreme Court of Ohio would rule on the question of which party bears the ultimate burden of proof as to the issue of prejudice.[10]

█ Even more significant for purposes of the present inquiry is the fact that a majority of jurisdictions within the United States favor the view tendered by Metro. An annotation on the subject reviews the state of the law in this area in detail and reveals the "modern trend" in favor of the view that "in order to escape liability or its duty to defend on account of an insured's [untimely notice], a liability insurer is required to show that it was prejudiced by the insured's omission or delay." Charles C. Marrel, *Modern Status of Rules Requiring Liability Insurer to Show Prejudice to Escape Liability Because of Insured's Failure or Delay in Giving Notice of Accident or Claim, or in Forwarding Suit Papers*, 32 A.L.R.4th 141, 157 (1984). Without summarizing the multitude of cases cited and discussed in the annotation, suffice it to say that a substantial majority supports the holding enunciated in *Hardin* that an insurer is prohibited from denying coverage under a policy on the ground that a notice condition has not been met unless the insurer can show that it was prejudiced

---

8. Ordinarily, where the state's highest court is silent on an issue, the federal court must follow applicable decisions of the appellate courts, published and unpublished. *Puckett v. Tennessee Eastman Company*, 889 F.2d 1481, 1485 (6th Cir.1989). The court's research in the case at bar reveals only the two conflicting appellate decisions as cases directly on point. Thus, we believe it our duty to ascertain the manner in which the Ohio Supreme Court would decide the issue in making our ultimate determination.

9. The court must point out that one published decision from an Ohio common pleas court also supports Metro's position. *See Felicity Franklin Local School District Board of Education v. Nationwide Mutual Insurance Company*, 56 Ohio Misc.2d 19, 565 N.E.2d 618 (C.P.Clermont Cty. 1989). The court there declared that "[o]ne who after a period of delay claims coverage under an insurance contract has the burden of proving that the delay was not unreasonable, *i.e.*, that the insurer is not prejudiced by the delay in the notice of the incident." *Id.* at 20, 565 N.E.2d at 620, citing *Patrick v. Auto Owners Insurance Company*, 5 Ohio App.3d 118, 449 N.E.2d 790

(Warren Cty. 1982). The court finds this holding of little or no utility for two reasons. First, it equates the concept of prejudice with the inquiry regarding reasonableness of the delay in a manner not contemplated under the prevailing law. While an unreasonable delay leads to the *presumption* of prejudice, it does not in fact conclusively amount to such, for the insured may overcome the presumption with evidence to the contrary. *Ruby, supra.* Second, the appellate decision cited by the court does not in point of fact stand for the proposition asserted. Several readings of the *Patrick* decision have failed to reveal to the court any statement which could be read to affirmatively place the ultimate burden of proof upon the insured to show prejudice in such circumstances.

10. It is interesting to point out that the court in *Zurich Ins. Co.* also cited both *Keith* and *Nationwide Mut. Ins. Co.*, albeit it for different propositions. Inexplicably, however, the holdings of the latter two cases regarding burden of proof were not followed; rather, the *Zurich Ins. Co.* court opted for the view of a foreign jurisdiction.

by the act of the insured.[11]

A review of the list contained in the annotation is revealing as to another aspect of the issue herein. As noted, the court in the 1968 decision *Zurich Ins. Co.* relied upon a California appellate decision for its holding, *Security Insurance Company v. Snyder-Lynch Motors, Inc.*, 183 Cal. App.2d 574, 7 Cal.Rptr. 28 (1960). However, had the court in *Zurich Ins. Co.* engaged in a more thorough examination of the law of California, it would have discovered that the holding of *Security Ins. Co.* had been overruled by the Supreme Court of California in its 1963 decision *Campbell v. Allstate Insurance Company*, 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155 (1963) (*en banc*). The current state of the law which has existed in California since the *Campbell* decision is reflected in the following passage:

> Under California law, mere delay by an insured in notifying an insurer of a claim does not create a presumption of prejudice to the insurer nor constitute a defense to liability under the policy, even when the policy requires notice "as soon as practicable," as it does here. See *Northwestern Title Security Co. v. Flack*, 6 Cal.App.3d 134, 141, 85 Cal. Rptr. 693 (1970). On the contrary "it is clear that the burden is on the insurer to prove that it suffered substantial prejudice as the result of the insured's breach." *Colonial Gas Energy System v. Unigard Mut. Ins. Co.*, 441 F.Supp. 765, 768–69 (N.D.Cal.1977). *See also Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 577 n. 8, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973).

*Healy Tibbits Construction Company v. Foremost Insurance Company*, 482 F.Supp. 830, 835 (N.D.Cal.1979). *See also Insurance Company of the State of Pennsylvania v. Associated International Insurance Company*, 922 F.2d 516, 524 (9th Cir.1990). In light of the fact that the holding in *Security Ins. Co.* no longer represented a valid rule of law at the time, we do not believe that *Zurich Ins. Co.* would be viewed as persuasive authority by the Ohio Supreme Court under any circumstances.

For all of the reasons heretofore stated, the court holds that *Hardin* embodies the law of Ohio with regard to the burden of proof issue presented here. The court would also add that the holding of *Hardin* is, on its face, wholly consistent with the declaration contained in *Ruby* quoted above. Contrary to the urgings of American Employers, the court in *Ruby* did *not* hold that the insured bears the ultimate burden of proof on the issue of prejudice; rather, the Court reasoned that the insurer is entitled to a presumption of prejudice once untimely notice has been demonstrated. The presumption of prejudice will hold up and result in a finding of no coverage "absent evidence to the contrary," *i.e.*, absent a showing by the insured which meets or rebuts the presumption. That the insured is required to make such a showing in order to rebut the presumption does *not* mean that the insured bears the ultimate burden of proof on the issue. It only means, rather, that the insured must come forward with some amount of evidence in order to defeat the insurer's *prima facie* case of prejudice; in this regard, the insured's burden is more properly characterized as a "burden of production" rather than a burden of persuasion. The latter burden remains with the insurer at all times, and once the presumption of prejudice is met with sufficient evidence, the insurer must ultimately establish prejudice by a preponderance of the evidence.

With the foregoing principles in mind, the court must now set forth the appropriate procedural burdens to be applied to this scenario pursuant to Rule 56. First, of course, American Employers is entitled to a presumption of prejudice from the admittedly untimely notices sent by Metro. The burden of production at this point rests upon Metro to produce evidence

---

11. Contrary to the urgings of American Employers in its memoranda, the "majority rule" is not irrelevant to the issue before us. Decisions from other jurisdictions are a factor which may be considered by federal courts in determining how a state's highest court would rule on a given issue. *Bailey v. V & O Press Company, Inc.*, 770 F.2d 601, 604 (6th Cir.1985).

which meets the presumption. In order to meet the presumption as to an issue upon which American Employers bears the ultimate burden of proof, Metro need only submit evidence which "counterbalances" the presumption. *State v. Myers*, 26 Ohio St.2d 190, 201, 271 N.E.2d 245, 252 (1971), quoting *Kennedy v. Walcutt*, 118 Ohio St. 442, 161 N.E. 336 (1928). In the summary judgment context, we believe this imposes upon Metro the obligation of pointing out to the court *some* evidence which supports the contention that American Employers suffered no prejudice from the untimely notice. Without again delineating the record evidence to which the court has previously alluded, we believe that the sworn testimony of Tackett and Dobscha is sufficient in this regard.[12]

 In order to adequately determine the efficacy of each cross motion, it is thus necessary to examine the ultimate issue presented: whether American Employers suffered prejudice from metro's untimely notice. In undertaking this examination, the court is guided by two salient principles. First, the court must separately evaluate each party's motion on its own merits. *Taft Broadcasting Co. v. United States, supra*, 929 F.2d at 248. Second, in engaging in these separate analyses, the court must be ever mindful of the fact that the burden lies with American Employers to show prejudice. Thus, to show that it is entitled to summary judgment on this issue, American Employers as moving party must do more than merely "point out" that no genuine issues of material fact persist; its showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than" for it. *Calderone*, 799 F.2d at 259. Conversely, as moving party on its motion, Metro need only point out to the court that no triable factual issues exist. If it does so, American Employers, as nonmoving party on an issue as to which it bears the ultimate burden of proof, must present more than a scintilla of evidence that it was somehow prejudiced

by the untimeliness of the notice in order to defeat Metro's motion.

With these principles in mind, the court now turns to an examination of each motion and, as well, the concept of prejudice as it pertains to the circumstance before us.

## C. The Cross Motions for Summary Judgment

 As previously explained, the parties to this cause base their respective arguments upon contrasting views as to the type of prejudice which must be shown by American Employers here. According to American Employers, the inability to conduct an investigation and participate in the defense, which inability resulted from the untimely notice, itself amounts to prejudice which offers sufficient justification for its refusal to reimburse Metro for the latter's expenses incurred in conducting its own defense. Metro, on the other hand, believes that something more must be shown. Specifically, Metro maintains that it is incumbent upon American Employers to show that the inability to investigate and participate led to some other separate, tangible form of prejudice. Metro points to the deposition testimony of Tackett and the Dobscha affidavit in support of the contention that no such prejudice resulted in this case.

The purpose behind the notice requirements is to provide the insurer with an opportunity to investigate the claim and participate in the defense of the suit, to form an intelligent estimate of its rights and liabilities, and to prevent fraud and imposition upon it. *Travelers Insurance Company v. Myers & Co.*, 62 Ohio St. 529, 57 N.E. 458 (1900), *overruled on other grounds, Employers' Liability Assurance Corp. v. Roehm*, 99 Ohio St. 343, 124 N.E. 223 (1919); *Hardin*, 59 Ohio App.3d at 73, 571 N.E.2d at 451. Where an unreasonable delay in sending the requisite notices on the part of the insured operates to defeat

---

**12.** Parenthetically, it is well to point out that our conclusion here might not be fully understandable without an accompanying analysis of the concept of "prejudice" as defined by Ohio

law. We engage in such an analysis in the pages to come and the reader is respectfully referred to that portion of the opinion.

these purposes, prejudice may follow. Thus, where the delay effectively extinguishes the insurer's opportunity to investigate the claim and/or to participate in the defense of the suit, the insurer may have a colorable claim of prejudice.

■ Contrary to the position asserted by American Employers, the inquiry cannot, however, end here. Where the ability to investigate and participate is lost, prejudice is *presumed.* It is not, however, *proven.* In arguing that the mere inability to investigate the claim and participate in the defense without more amounts to prejudice, American Employers confuses the initial step in the analysis, the presumption to which it is entitled, with its ultimate burden, which is to demonstrate some actual prejudice. American Employers cannot, in other words, discharge its burden merely by showing that it was deprived of an opportunity to investigate and participate. Such a showing entitles it to the initial presumption, and no more. To satisfy the ultimate inquiry, it is believed, American Employers must demonstrate *how* the inability to investigate/participate *actually inured to its detriment* in some manner.

This conclusion logically flows from the definition of the term "prejudice" itself:

> 1a: injury or damage due to some judgment or action of another (as in disregard of a person's right): resulting detriment— ...
>
> b: injury in general: DETRIMENT, HURT ..."

Webster's Third New International Dictionary (Unabridged) at 1788 (1986). Inherent in the term "prejudice," clearly, is the concept of resulting injury, damage, or harm. It is thus incongruous to argue as has American Employers that prejudice can be proven in the case at bar with a showing of inability to investigate and participate without a further showing of resulting detriment. Again, such an argument demonstrates confusion of the presumption to which American Employers is entitled with the ultimate showing of prejudice which must be made in this case.

In viewing American Employers' motion for summary judgment in this case, the question becomes whether American Employers has proffered a showing of harm resulting from the inability to investigate/participate sufficient for the court to hold that no rational trier of fact could find other than for it. The court does not believe that American Employers has done so in this case. As Tackett has admitted, there is nothing more or different that American Employers would have done in investigating the claim or in conducting the defense; the sole basis of American Employers' claim of prejudice, rather, is based upon the assertion that "we just simply didn't have the opportunity to participate." Tackett Deposition at 56. In addition, the court would add, in any event, that American Employers' opportunity to participate in the defense of the tort suit was *not* completely eliminated. Although it is undisputed that American Employers received notice of the claim against Metro four months late, the record reveals that there was an additional seven months between its receipt of this notice and the trial date set for the case.[13] To now argue that its opportunity to participate was completely eradicated is logically inconsonant in the face of this undisputed fact. The court concludes, from the foregoing, that American Employers has made an insufficient showing on its motion for summary judgment, which must for this reason be denied.

With regard to Metro's motion, we find initially that Metro has met its burden of "pointing out" to the court that no triable factual issues persist and, in so doing, has alluded to relevant evidence which meets the presumption of prejudice. *See* Tackett Deposition; Dobscha Affidavit. The ultimate question, thus, is whether American Employers has set forth more than a scintilla of evidence that it was actually damaged in some way by its inability to investigate the occurrence or participate in the defense of the claim. This it has not done and, once again, the Tackett testimony is dispositive of the issue. As the court has

---

13. American Employers received notice of the amended complaint in November of 1992, while the case was set for trial in the state court in June of 1992.

continually stressed, Tackett's unrebutted testimony demonstrates that American Employers' prejudice claim is limited to the contention that it was given no opportunity to investigate or participate. American Employers has pointed to *no* evidence that any injury, damage, or harm actually resulted from this lost opportunity; to the contrary, the evidence reveals that the defense undertaken by Metro was both competent and vigorous and that American Employers would have done nothing more or different in this regard. For these reasons, we find that American Employers has not met its burden as nonmoving party under Rule 56 and that Metro is entitled to judgment as a matter of law on its motion.

An examination of the case law cited by American Employers does not alter the foregoing analysis. The following offers a concise summary of this law:

> The cases in which the courts have ruled that the presumption is overcome involve the situation where the insurer is notified in adequate time to investigate the facts underlying the claim or participate in litigating the suit....
>
> The courts, however, reach a different result when the insurer receives notice of the accident or suit near the conclusion of trial or after judgment is rendered against the insured....

*McCann v. Nationwide Mutual Fire Insurance Company*, 1989 WL 52635 at 4–5, unreported, case no. 88CA004433 (Lorain Cty. May 17, 1989) (citations omitted). With regard to American Employers' ability to participate in the litigation of the suit, we find that the within case falls under the first category of cases discussed by the court in *McCann;* as we have noted, American Employers was given some seven months in which to participate in *some* manner in the state proceedings. In addition, once again, there is no evidence that the inability to participate actually harmed American Employers in some specific way.

The court agrees that American Employers' ability to investigate the underlying accident was defeated in this case. This ability must be protected for the following reasons:

> In a very little time the facts may in a great measure fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work.

*Travelers' Insurance Co., supra*, 62 Ohio St. at 539, 57 N.E. at 459. *See also Blevins v. Nationwide Mutual Insurance Company*, 1988 WL 70793 at 3, unreported case no. 13511 (Summit Cty. June 29, 1988). However, as the court has pointed out, the mere inability to investigate the underlying occurrence entitles American Employers to a presumption of prejudice, but does not itself offer the court an evidentiary basis upon which to actually *find* prejudice. In order to satisfy its burden in this regard, it is incumbent upon American Employers to show some actual harm stemming from lost facts or witnesses, changes in physical conditions, or "fraud and cupidity." *Travelers' Ins. Co., id.* The court's analysis to this point, which need not be repeated, discloses that no such evidence exists in this case. Thus, American Employers has no basis under the relevant law by which to claim prejudice in this case. For this reason, the court must conclude that American Employers has failed to defeat Metro's motion for summary judgment.

■ Before closing the analysis herein, it is necessary to briefly address two final aspects of American Employers' claim. First, American Employers contends that Metro breached its contractual obligation under Section IV(2)(c)(3) of the policy to cooperate in the defense of the underlying lawsuit. This claim is meritless for two reasons. First, by its very language, a cooperation clause which requires the insured to cooperate with the insurer in the latter's defense of the suit applies to conduct of the insured in the proceedings *subsequent to* the notice of suit and prior to a determination of the insurer's liability. *See* 8 J. Appleman & J. Appleman, *Insurance Law & Practice* § 4771 at 211–12 (1981). In the case at bar, American Employers only complains of Metro's conduct *prior to* the time at which it sent notice of the suit. The cooperation clause is there-

fore inapplicable. Put another way, due to the fact that American Employers never undertook defense of the suit in the first instance, it cannot now be heard to argue that its insured did not cooperate in the "defense."

■ Further, "[t]o constitute a defense to liability, an insured's lack of cooperation must result in material and substantial prejudice to the insurance company." *Gabor v. State Farm Mutual Automobile Insurance Company*, 66 Ohio App.3d 141, 144, 583 N.E.2d 1041, 1043 (Cuyahoga Cty. 1990), citing *Costa v. Cox*, 168 Ohio St. 379, 155 N.E.2d 54 (1958) and *State Farm Mutual Automobile Insurance Company v. Holcomb*, 9 Ohio App.3d 79, 458 N.E.2d 441 (Summit Cty. 1983). Thus, "before lack of cooperation may warrant cancellation of a policy or relieve an insurer of an obligation on a claim, the insured's failure must prejudice material rights of the insurer." *Id.* In this regard, the law is similar to that which pertains to the notice requirements discussed at length above. For the reasons which have already been discussed, we find that the record contains no evidence of substantial and material prejudice and that American Employers' claim based upon the cooperation clause fails as a matter of law.

■ American Employers, finally, maintains that Metro incurred expenses without American Employers' consent when it undertook its own defense in violation of Section IV(2)(d) of the policy. Again, this provision does not avail American Employers under the within circumstances. The purpose of such a provision is to prevent collusion and to confer upon the insurer complete control and direction of the defense and/or settlement of claims and suits. *Servpro–Domesticare of Anderson Hills, Inc. v. Grange Mutual Casualty Company*, 1985 WL 7739 at 3, case no. CA84–10–070 (Clermont Cty. September 23, 1985), citing 59 O.Jur.3d § 1029 at 59 and 44 Am.Jur.2d § 1393 at 326. Where the insurer refuses to defend and thereby chooses not to exercise its right to control and direct the defense, the clause fails of its essential purpose and the insured has no choice but to undertake the defense itself. If the insurer is subsequently held to breach its duty to defend, reasonable costs incurred by the insured in making his defense will have to be assumed by the insurer. *Socony–Vacuum Oil Company v. Continental Casualty Company*, 144 Ohio St. 382, 59 N.E.2d 199 (1945). Where the insurance company wrongfully denies coverage, in other words, it cannot be permitted to circumvent its contractual obligation to reimburse the insured for defense costs by claiming that the insured incurred such costs without its consent. Where the consent is wrongfully withheld, the costs cannot be said to have been wrongfully incurred.

In the case at bar, American Employers declined to assume control and direction of the tort suit solely on the basis of Metro's delays in sending notice. It did so at its own peril, putting itself at risk that the timeliness defense might fail and it would be held liable under the policy.[14] The defense proffered has now been adjudged to be defective, which judgment necessarily results in the conclusion that American Employers owes a duty to defend and a concomitant obligation to reimburse Metro for its costs incurred in providing its own defense. American Employers cannot now escape this obligation by contending that Metro breached the contract by incurring these costs without its consent. American Employers' wrongful refusal to provide the requested defense forced Metro to incur these costs, and American Employers is contractually obligated to provide reimbursement. We hold, in sum, that Section IV(2)(d) of the subject policy provides American Employers with no avenue by which to escape its contractual liability.

### D. Attorney Fees

■ Metro also seeks an award of attorney fees expended in the defense of the

---

**14.** It is noted that American Employers could have assumed control of the defense with a reservation of rights when it received notice of the claim in November of 1991. If it had so acted, any policy defenses would have been preserved. *See Motorists Mutual Insurance Company v. Trainor*, 33 Ohio St.2d 41, 294 N.E.2d 874 (1973) (first syllabus).

184

underlying tort action and in defense of the within declaratory judgment action.[15] The law in Ohio is that an insured is entitled to such an award where the insurer unjustifiably refuses to defend the action brought against the insured. *Motorists Mutual Insurance Company v. Trainor,* 33 Ohio St.2d 41, 47, 294 N.E.2d 874, 878 (1973). It matters not whether the declaratory judgment action is brought by the insurer or the insured; in either case, the insured is entitled to reimbursement for legal expenses incurred in defending the underlying action and in attempting to enforce its rights in the declaratory judgment action. *Id. See also City of Willoughby Hills v. Cincinnati Insurance Company,* 26 Ohio App.3d 146, 147–48, 499 N.E.2d 31, 33–34 (Lake Cty. 1986).

American Employers attempts to escape his rule of law by contending that attorney fees can only be awarded in such cases where the insurer has acted with malice or in bad faith in refusing to defend the insured. This is a blatant misstatement of the law. Where the insurer has violated its contractual duty to defend, its "good faith or bad faith in reaching its decision is irrelevant" to its liability for legal expenses. *Allen v. Standard Oil Company,* 2 Ohio St.3d 122, 126, 443 N.E.2d 497, 500 (1982). *See also Willoughby Hills, id.* (where insurer makes a mere "mistake in judgment," it is still liable for costs and attorney fees expended by the insured "in order to obtain a determination that [the insurer] had a duty to defend"); *Turner Construction Company v. Commercial Union Insurance Company,* 24 Ohio App.3d 1, 4, 492 N.E.2d 836, 839 (Cuyahoga Cty. 1985). The court therefore rejects American Employers' argument.

American Employers, finally, questions the sufficiency of the evidence submitted by Metro in support of its request for legal fees. This evidence consists of the affidavits of two attorneys who represented Metro in the tort suit, Richard A. Strong and Ronald B. Lee, along with detailed ac-

counts of services rendered by these attorneys. American Employers only contends that the affidavits "are not sufficient to support the entry of judgments because no time or hourly rates are indicated." American Employers' Memorandum in Opposition to Motion for Summary Judgment at 29 n. 24. We agree that it would be premature to impose an actual award at this time, inasmuch as the state court tort suit is currently ongoing at the appellate level and the within suit, as well, is expected to proceed to the same level in the federal courts. Attorney fees, thus, are continually accruing. This does not, however, change the fact that American Employers is liable for such fees. American Employers has offered nothing to alter this conclusion and so the court grants Metro judgment as a matter of law as to this aspect of its claim.

### III. CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by plaintiff American Employers Insurance Company (docket no. 23) is denied. The motion for summary judgment filed by defendant Metro Regional Transit Authority (docket no. 26) is granted. Pursuant to 28 U.S.C. § 2201, the court hereby declares that American Employers has the duty to reimburse Metro for the latter's fees and costs in defending the state court action and, as well, for its fees in the within action.

IT IS SO ORDERED.

<hr/>

**15.** Metro has clarified its position by representing that it is only seeking attorney fees expended by it from the date upon which it first sent notice of the underlying tort suit, November 13, 1991, to the present. *See* Metro's Reply Brief in Support of Motion for Summary Judgment at 16.