OPINION
{¶ 1} Defendant-appellant, Conner Industries, Inc., appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Indiana Lumbermens Mutual Insurance Company, in a declaratory judgment action. We affirm the trial court's decision.
 {¶ 2} In 1999, Conner Industries, Inc. ("CII"), owned and operated a wholesale lumber and building supply company at a location on Jackson Road, in Hamilton. CII has since closed the location and sold the property. In October 1999, Andrew Hubbard, a minor, was injured while climbing on a stack of lumber on the premises, after the facility had closed for the day.
 {¶ 3} CII was insured at the time by Indiana Lumbermens Mutual Insurance Company ("Lumbermens"). Pursuant to the insurance policy, Lumbermens agreed to pay for any claim made against CII stemming from its "negligent act, error or omission." The policy required CII to "see to it that [Lumbermens is] notified as soon as practicable of an `occurrence' or an offense which may result in a claim."
 {¶ 4} In August 2000 CII received a letter from an attorney representing Hubbard with regard to the incident. The attorney requested that CII forward the letter to its insurer so that a claim could be pursued. The following month, CII's vice president had a conversation with Hubbard's attorney, and discussed the facts surrounding the incident. However, CII did not notify Lumbermens of the incident or the claim asserted by Hubbard. In May 2002 CII received a letter from a second attorney representing Hubbard. The letter again requested that the letter be referred to CII's insurer. CII's representative contacted the attorney and indicated that he wanted to investigate the claim. However, CII again failed to notify Lumbermens of the claim asserted by Hubbard. In October 2003 Hubbard filed suit against CII seeking compensation for his injuries.
 {¶ 5} In November 2003, Lumbermens received a "Notice of Occurrence/Claim" form advising it of the suit against CII. This was the first notification of the claim received by Lumbermens. Lumbermens subsequently filed a declaratory judgment action, seeking a declaration that it had no duty to defend or indemnify CII due to its failure to comply with the insurance policy's prompt notice requirement, and moved for summary judgment. The trial court granted Lumbermens' motion, concluding as a matter of law that CII unreasonably delayed providing Lumbermens with notice of the potential claim, and that Lumbermens was prejudiced by the delay. CII appeals the grant of summary judgment raising two related assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT WAS IN ERROR IN DETERMINING THAT THERE WAS AN UNREASONABLE DELAY OF THE INSURED-APPELLANT PROVIDING THE INSURERL-UMBERMAN'S [SIC] NOTICE OF A POTENTIAL CLAIM IN LIGHT OF ALL OF THE SURROUNDING FACTS AND CIRCUMSTANCES."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THAT THE TRIAL COURT WAS INCORRECT IN DETERMINING THAT LUMBERMAN'S [SIC] WAS PREJUDICED AS A RESULT OF ANY UNREASONABLE DELAY IN PROVIDING IT WITH NOTICE OF THE POTENTIAL CLAIM."
 {¶ 10} Appellate review of a trial court's decision granting or denying summary judgment is conducted de novo; that is, we review the trial court's judgment independently and without deference to its determination. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Consequently, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. Civ.R. 56(C); Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 11} Under Civ.R. 56, a motion for summary judgment can only be sustained when the movant conclusively demonstrates, based on the pleadings, affidavits and other material in the record, "(1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 12} It is undisputed that the insurance contract required CII to "see to it that [Lumbermens is] notified as soon as practicable of an `occurrence' or an offense which may result in a claim." It is further undisputed that CII was first notified in August 2000 that Hubbard sustained injuries while on its property. CII was in fact notified of the incident on four separate occasions between August 2000 and October 2003, and did not notify Lumbermens of the incident until after the complaint was filed.
 {¶ 13} Notice provisions, such as the one quoted above, serve "many purposes." Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau,88 Ohio St.3d 292, 302-303, 2000-Ohio-330.
 {¶ 14} "Notice provisions allow the insurer to become aware of occurrences early enough that it can have a meaningful opportunity to investigate. In addition, it provides the insurer the ability to determine whether the allegations state a claim that is covered by the policy. It allows the insurer to step in and control the potential litigation, protect its own interests, maintain the proper reserves in its accounts, and pursue possible subrogation claims. Further, it allows insurers to make timely investigations of occurrences in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims." Id., citing Ruby v. Midwestern Indemn. Co. (1988),40 Ohio St.3d 159, 161.
 {¶ 15} When an insurer's denial of insurance coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, "the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Ferrando v. Auto-Owner's Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, ¶ 81; see, also, Ormet; Ruby. "An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Ferrando at ¶ 81.
 {¶ 16} The initial determination whether a prompt notice provision has been breached "is based on asking whether the insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.'" Ferrando at ¶ 90, quoting Ruby at syllabus. It is indisputable that the letter CII received in August 2000 first made it aware of the incident on its premises. Reasonable persons similarly situated could only have concluded that the incident was potentially covered by the insurance policy, and receipt of this notice triggered CII's duty to notify its insurer of the potential claim. See BeaverExcavating Co. v. United States Fidelity and Guarantee Co. (1998),126 Ohio App.3d 9, 16. CII received notice of the incident on three more occasions in the following three years and failed to notify Lumbermens until the complaint was filed. In reviewing all the surrounding circumstances of this matter in a light most favorable to CII, we find that the trial court did not err in concluding that the three-year delay in notifying Lumbermens was unreasonable, and overrule CII's first assignment of error. Accord Copper v. Willis (Apr. 10, 2000), Ross App. No. 99CA2519; Helman v. Hartford Fire Ins. Co. (1995),105 Ohio App.3d 617; Patrick v. Auto-Owner's Ins. Co. (1982),5 Ohio App.3d 118.
 {¶ 17} Having determined that CII unreasonably delayed notifying Lumbermens of the incident, we must next determine whether CII presented evidence to rebut the presumption that Lumbermens suffered prejudice as a result of the unreasonable delay.
 {¶ 18} Clearly, Lumbermens was deprived of the ability to conduct its own investigations and precluded from resolving potentially covered damage claims in a timely and cost-efficient manner. See Ormet at 302-303; Champion Spark Plug v. Fidelity and Casualty Co. (1996),116 Ohio App.3d 258, 268. The record demonstrates that, but for CII's unreasonable delay in providing Lumbermens with notice of the incident, such options would have been available to Lumbermens.
 {¶ 19} CII's assertion that Lumbermens can conduct the same investigation now that it could have in 2000, is unconvincing and unsupported by the record. CII itself admits that the site is no longer in operation and is in fact no longer even owned by CII. The new owner has made alterations to the site which include a new fence surrounding the property. CII can provide only "last known" contact information dating from 1999 of former employees who would be relevant to an investigation of the claim, and admittedly could only recreate the general layout of the incident at another facility. The photos of the site produced by CII are of little probative value as they depict the site in its current, altered state, or depict aerial views dating from "1994 or 1995." CII is unable to locate, or even identify, two witnesses to the incident.
 {¶ 20} CII's general proposition that Lumbermens has failed to demonstrate that it would have conducted its investigation differently had it received timely notice is misplaced, as Lumbermens is "not in a position to discern what information may now be unavailable that they could have discovered with timely notice * * *; this is the reason Ohio law recognizes a presumption of prejudice[.]" Id. (citations omitted). And while CII attempts to discredit Lumbermens' investigative efforts, again, the burden is on CII to demonstrate that information has not been lost, witnesses are still available, and recollections have not faded.Champion at 269. CII has failed to do so.
 {¶ 21} Having reviewed the record and construing the evidence in CII's favor, we find that the trial court did not err in determining that CII failed to rebut the presumption that Lumbermens suffered prejudice as a result of CII's unreasonable delay in notifying it of the incident. CII's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.